HENRY F. FRITZ *vs.* DARIUS G. GAUDET ET AL.

Second Judicial District, Norwich, April Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and MARVIN, Js.

In passing upon a motion to nonsuit, the trial court is bound to assume the truth of such of the evidence introduced by the plaintiff as goes farthest in support of the allegations of the complaint, and to take into account every favorable inference that may legitimately be drawn from it.

A party has the same right to submit a weak case to the jury as he has to submit a strong one.

This court will not consider errors based on the failure of the trial court to charge in certain particulars where no requests to charge in those particulars were made, and where the charge as given clearly and accurately covered the issues in the case.

Argued April 29th—decided June 2d, 1924.

ACTION to recover damages for personal injuries alleged to have been caused by the defendants' negligence, brought to the Superior Court in New London County and tried to the jury before *Wolfe, J.;* the plaintiff was nonsuited as to the defendant Santti, a verdict was returned for the defendant Gaudet, and from the judgment thereon and the refusal of the trial court to set aside the nonsuit, the plaintiff appealed. *Error and new trial ordered as to Santti. No error as to Gaudet.*

*Benjamin H. Hewitt,* for the appellant (plaintiff).

*George R. McKenna,* for the appellee (defendant Santti).

No counsel appeared for the appellee (defendant Gaudet).

PER CURIAM. Upon due consideration of the evidence in the light of our established rule governing the

trial court in granting a nonsuit in favor of Santti, we are of the opinion that the case ought to have been submitted to the jury. In *Girard* v. *Grosvenordale Co.,* 83 Conn. 20, 25, 74 Atl. 1126, the court, by CHIEF JUSTICE BALDWIN, stated our rule to be: "In passing upon the motion, the Superior Court was bound to regard the truth of such of the evidence introduced by the plaintiff as went farthest in support of the complaint, as admitted, and to take into account every favorable inference that might legitimately be drawn from it. It was enough if he had thus made out a prima facie case, though it might in the opinion of the court be a weak one. 'A party has the same right to submit to a jury a weak case as he has to submit a strong one.' *Cook* v. *Morris,* 66 Conn. 196, 211, 33 Atl. 994."

This rule is too firmly established in our law to be now changed or modified. On the appeal as to Gaudet, the plaintiff has assigned numerous errors based upon the charge as made and the failure to charge. The assignment of errors in the charge concern matters so obviously correct and so frequently considered by this court that we omit their rediscussion at this time. The errors based on the failure of the court to charge we shall not consider since no requests to charge in these particulars were made, and the charge clearly and accurately presented the cause of action against Gaudet, and thus summarized it: "Now it must appear, before Gaudet can be held liable for this claimed negligent act, that it was in fact a negligent act on his part; and it must appear that he knew, or, in the exercise of reasonable care ought to have known, that this man Santti was coming behind him and traveling in the same direction he was, and was so close to him at that time that if he turned his wheels to the left an accident or collision was likely to occur; and if it does not ap-

pear from the evidence he had that information, or from the exercise of reasonable care ought to have had it, then the defendant is not guilty of a negligent act, and you are not to conjecture how it happened."

There is error and a new trial is ordered as to Santti. There is no error as to Gaudet.