[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an attorney malpractice action. The plaintiff is Maria Garcia ("Garcia"). The defendants are Alan Solomon and John Stanton, who conducted a law partnership with the firm name of Solomon and Stanton, and Larry H. Lewis who was employed by that firm as an attorney.
The plaintiff's amended complaint argues, inter alia, that on or about August 29, 1985, while walking down the steps in the Board of Education Building in Meriden, she fell and sustained personal injuries "as a result of the defective and dangerous condition of the steps"; the defendants deny this. Her allegation that after August 29, 1985 she engaged the defendants to render CT Page 1984 legal services for her in connection with this fall is admitted. It is, however, denied as she alleges, that she did so "specifically to bring an action against the City of Meriden and responsible parties, and [that] the defendants, for valid consideration agreed to render such services." It is admitted that "as a condition precedent to the bringing of an action against the City of Meriden, defendants as plaintiff's representatives were required to give notice in the form required by Conn. Gen. Stat. 7-465."[1] The plaintiff, in a separate paragraph, next alleges that "On or about September 26, 1985, the defendants endeavored on [her] behalf to give notice to the City of Meriden in accordance with Conn. Gen. Stat. 7-465" and that a copy of the notice is appended "herewith as Exhibit B and made part hereof."[2]
The defendants admit that allegation "insofar as [it] alleges that on September 25, 1985, the defendants gave notice on plaintiff's behalf to the City of Meriden in accordance with C.G.S. 7-465 and that a copy of said notice is attached to plaintiff's amended complaint" but deny the remaining allegations of that paragraph.
The defendants deny the plaintiff's allegation that, "The defendants in endeavoring to provide legal representation to plaintiff did not exercise the degree of care and skill ordinarily exercised by attorneys practicing their profession, in that the notice given by defendants to the City of Meriden on behalf of plaintiff was materially defective in that it failed to comply with Conn. Gen. Stat. 7-465, because it failed to contain written notice of the intention of plaintiff to commence an action against the City of Meriden for personal injuries sustained on its property." It is also denied that, "As a result of the negligence of the defendants the plaintiff has suffered damages in that she has suffered a potential loss of her underlying claim against the City of Meriden arising out of a fall on August 29, 1985, and thus may be deprived of her right to monetary damages for injuries and losses sustained as a result of [that] fall." The plaintiff claims damages in her prayer for relief.
At the outset of the trial this court granted, upon the agreement of counsel, the plaintiff's motion to bifurcate.[3]
Accordingly, this court tried the issue of liability only.[4]
At the trial the plaintiff offered testimony through witnesses and exhibits. When the plaintiff rested, the defendants moved for dismissal in accordance with Practice Book 302.[5] The court reserved decision on that motion at that time and herein determines that it is to be and is granted.
In making this motion for dismissal under Practice Book 302 for the plaintiff's failure to make out a prima facie case, the defendants claim: (1) that there is no showing that the allegedly "materially defective" notice was such that it failed to comply CT Page 1985 with Conn. Gen. Stat. 7-465 as claimed and they cite Fraser v. Henninger, 175 Conn. 52, 376 A.2d 406 (1977), as dispositive on that issue, (2) that there is no evidence of any violation of the standard of care required of the defendants as attorneys in this case and that such evidence should have been given by expert testimony, (3) that there was no evidence that the claimed defective notice had anything to do with any damages allegedly caused to the plaintiff, and (4) that there is no evidence as to what the plaintiff got in settlement of the underlying action resulting from the content of the alleged defective notice.
In resisting the defendants' 302 motion and contending that she has made out a prima facie case, the plaintiff claims (1) that the 7-465 notice is defective as alleged and that Fraser v. Henninger, is inapposite, (2) that expert testimony is not needed where the trier possesses the expertise to assess the claimed violation of the standard of care involved, (3) that this court should take judicial notice of the complaint in the underlying case[6] by the plaintiff Maria Garcia against the City of Meriden, et als., and in doing so, (4) should consider the denial by the defendants in that case[7] of the giving of proper notice pursuant to Conn. Gen. Stat. 7-465 as a judicial admission against the defendants in the instant case (Docket #263311), that although she must show that she would have been successful in prosecuting the underlying action, the defendants' breach of their duty to her by giving the notice which was defective under Conn. Gen. Stat. 7465, decreased her bargaining power in her settling that action.
 "'A motion for judgment of dismissal has replaced the former motion for nonsuit for failure to make out a prima facie case. Compare Practice Book 302 with Practice Book, 1963, 278; See Lukas v. New Haven, 184 Conn. 205, 210
n. 3, 439 A.2d 949 (1981). When such a motion has been granted, the question is whether sufficient facts were proved to make out a prima facie case. Pignatario v. Meyers, 100 Conn. 234, 239-40, 123 A. 263 (1924). To state it another way, a judgment of dismissal is only proper "when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff." Minicozn v. Atlantic Refining Co., 143 Conn. 226, 230, 120 A.2d 924 (1956). The evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to him, and every reasonable inference is to be drawn in his favor. Ace-High Dresses, Inc. v. J. C. Trucking Co., 122 Conn. 578, 579, CT Page 1986 191 A. 536 (1937). A party has the same right to submit a weak case as he has to submit a strong one. Fritz v. Gaudet, 101 Conn. 52, 53, 124 A. 841 (1924). See Lukas v. New Haven, supra, 210-11; Crowell v. Palmer, 134 Conn. 502, 505, 58 A.2d 729 (1948); Maltbie, Conn. App. Proc. 215 and 217; Stephenson, Conn. Civ. Proc. (2d Ed.) 192f.' Hinchliffe v. American Motors Corporation, 184 Conn. 607, 609-10, 440 A.2d 810
(1981." Angelo v. Tomasso, Inc . v. Annor Construction Paving, Inc., 187 Conn. 544, 547
48, 447 A.2d 406 (1982), see Logan v. O'Neill, 187 Conn. 721, 728-29, 448 A.2d 1306 (1982). Whether the plaintiff made out a prima facie case presented a question of law for the court. Angelo Tomasso, Inc. v. Armor Construction 
Paving, Inc., supra, 561." Falker v. Sampieri, 190 Conn. 412, 418-419, 461 A.2d 681 (1983); see Hinchliffe v. American Motors Corporation, 184 Conn. 607, 609-610, 440 A.2d 810 (1981).
In Cormier v. Fugere, 185 Conn. 1, 440 A.2d 820 (1981), which involved a dismissal under Practice Book 302, our Supreme Court noted at page 9:
 "In considering the case presented on a motion for [judgment of dismissal, the trial court should not be concerned] with the sufficiency of the complaint in point of law; there are other ways provided to test that matter. The sole question before the trial court was whether, upon the allegations of the complaint and the admissions and denials in the subsequent pleadings, sufficient facts had been proved to make out a prima facie case." (Citations omitted.) Pignatario v. Meyers, 100 Conn. 234, 239, 123 A. 263 (1924); Hinchliff v. American Motors Corporation, 184 Conn. 607, 621
n, 440 A.2d 810 (1981)."
It is appropriate at this point to refer briefly to the standard of care involved. An attorney who undertakes to represent a client impliedly promises that he will execute the business entrusted to him to his professional management with a reasonable degree of care, skill and dispatch. Slade v. Harris,105 Conn. 436, 441, 135 A. 570 (1927). As well as representing that he possesses a reasonable degree of skill, the level of his duty is that he will exercise the same degree of care, skill and diligence which other attorneys in the same or similar locality and in the same line of practice would exercise under similar CT Page 1987 circumstances. Bent v. Green, 39 Conn. 416, 420, 466 A.2d 32, (1983). An acknowledged commentator in the area of legal malpractice has said that "[D]etermining the reasonableness of the the lawyer's conduct requires consideration of the following criteria: the requisite skill and knowledge; the degree of skill and knowledge to be possessed and exercised; the effect of local considerations and custom; and any special abilities possessed by the lawyer." 1 Mallen and Smith, Legal Malpractice (3d Ed.) 15.2. In evaluating the adherence to the standard of care, our Supreme Court has very recently said: "[A]s a general rule for a plaintiff to prevail in a legal malpractice case in Connecticut, he must present expert testimony to establish the standard of proper professional skill or care. Dunham v. Dunham, 204 Conn. 303,317, 528 A.2d 1123 (1987); Pearl v. Nelson, 13 Conn. App. 170,173, 534 A.2d 1257 (1988); Bent v. Green, 39 Conn. Sup. 416,420, 466 A.2d 322 (198)." Davis v. Margolis, 215 Conn. 408, 416, ___ A.2d ___ (1990);[8] Somma v. Gracey, 15 Conn. App. 371, 374
375, 544 A.2d 668 (1988); see 2 Mallen Smith, op. cit., p. 27.14. We note that in a legal malpractice action, a plaintiff must produce expert testimony (1) that a breach of the professional standard of care has occurred, and (2) that the breach was the proximate cause of the injuries suffered by the plaintiff. Somma v. Gracey, supra.
We turn first to the defendants' claim that there was no showing that the allegedly "materially defective" notice was such that it failed to comply with the requirements of Conn. Gen. Stat.7-465 which includes the argument that Fraser v. Henninger, supra, is dispositive here. This court agrees with the defendants here.
To put this issue into context it is noted, as pointed out, that the plaintiff alleges that the defendants, in representing her, did not exercise the requisite degree of care and skill ". . . in that the notice given by defendants to the City of Meriden [on her behalf] was materially defective in that it failed to comply with Conn. Gen. Stat. 7-465, because it failed to contain written notice of the intention of plaintiff to commence an action against the City of Meriden for personal injuries sustained on its property." That is the allegation of the plaintiff on what the defendants did that violated the duty they owed to her. This allegation is binding on the plaintiff as it is basic that a plaintiff may rely on only what she has alleged as the right to recover is limited to the allegations of her complaint. Matthews v. F.M.C. Corporation, 190 Conn. 700, 705, A.2d (1983) ; see Brick v. Stengal Corporation, 1 Conn. App. 656, 664, 1467 A.2d 679
(1984). Immediately thereafter, the complaint alleges that "[A]s a result of the negligence of the defendants . . . she has suffered damages in that she has suffered a potential loss of her underlying claim against the City of Meriden and thus deprived of CT Page 1988 her right to monetary damages for injuries sustained by the result of her fall.
Preliminarily, we note that, as required by Conn. Gen. Stat.7-465, the notice filed by the defendants with the City Clerk of Meriden specifically set forth the time when and the place where the injuries were sustained as well as "the surrounding circumstances so that the municipal officers were provided with `such information as will enable them to intelligently investigate the facts upon which its claim [was] based.'" Fraser v. Henninger, supra, 58.
Looking further at the written notice filed by the defendants with the City Clerk of Meriden, it stated in part:
 ". . . Maria Garcia has been obliged and will be obliged, in the future, to expend large sums of money for medical care and treatment, and as a consequence of the defect and nuisance complained of, shall look to the City of Meriden for damages as provided by law. . . ."
This is strikingly similar to the notice our Supreme Court held valid as complying with Gen. Stat. 7-465 in Fraser v. Henninger, supra. In Fraser the challenged notice included the following statement:
 ". . . R. Power Fraser, father of the said minor, Peter Fraser, will look to the Town of Greenwich for damages as provided by law. . . ."[9]
As in Fraser, "[A]lthough the notice did not use the exact statutory wording that the plaintiff intended to `commence such action' against the town . . . pursuant to section 7-465, the notice did state that [the plaintiff] `will look to the town . . . for damages as provided by law."' Fraser v. Henninger, supra, 58-59. We point out here, as the court did in Fraser that "[N]otice provisions are generally construed liberally in favor of a claimant who is attempting to establish compliance with their terms, and substantial compliance with a statute requiring notice is all that is required." Fraser v. Henninger, supra, 59. The court in Fraser, in upholding the notice given in that case, referred with approval to Flynn v. First National Bank Trust Co.,131 Conn. 430, 40 A.2d 770 (1944). Flynn, at page 433, instructively states:
 "The notice need not be expressed with the fullness and exactness of a pleading, but its intended purpose as required by the statute is to furnish `the recipients such available CT Page 1989 information as is calculated to assist them in self-protection. [Its] sufficiency is to be tested with reference to that purpose, and in applying the test the circumstances of each case are to be considered. If, under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded a good notice."' (Citation omitted)
Flynn. v. First National Bank Trust Co., supra. The notice given by the defendants here is not defective as alleged. This court, therefore, concludes that, as a matter of law, the notice filed by the defendants on the plaintiff's behalf with the City Clerk of Meriden complied with the requirements of Conn. Gen. Stat. 7-465. This conclusion alone requires the granting of the defendants' 302 motion.
Nor is this conclusion required to be any different because of the plaintiff's claim that the denial in the answer in her underlying action against the City of Meriden and Leo Kania by those defendants of the allegation of the plaintiff's presentation of the notice under 7-465 to the City Clerk of Meriden. Her attorney contends that the denial is somehow a judicial admission which she may now use against the defendants in this legal malpractice case. This court cannot accept this claim.
In State v. Rodriguez, 180 Conn. 382, 396, 429 A.2d 919
(1980), the Supreme Court, quoting Wigmore, said:
 "Professor Wigmore has written that a judicial admission is `[a]n express waiver, made in court or preparatory to trial, by the party or his attorney, conceding for the purposes of the trial the truth of some alleged fact, has the effect of a confessory pleading, in that the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it, and the other is not allowed to disprove it . . . It is, in truth a substitute for evidence, in that it does away with the need for evidence.' 9 Wigmore, Evidence (3d Ed.) 2588."
The denial refered to is not a judicial admission of the defendants in this legal malpractice action if for no other reason than that the present defendants (or any of them) were never parties to the underlying action. In addition, it is pointed out that the underlying action against the City of Meriden has been withdrawn and while it is true that a statement in a withdrawn or superseded pleading qualifies as a judicial admission, that is only so if it is made by a party to the action in which it is CT Page 1990 sought to be used. See Kucza v. Stone, 155 Conn. 194, 197,230 A.2d 559 (1967); Futterleit v. Mr. Happy's Inc., 16 Conn. App. 497,504, 548 A.2d 728 (1988).
Another independent reason that justifies granting the defendants' motion for dismissal under Practice Book 302 was that there was no evidence at all of the violation of the standard of care required of the defendants and attorneys in this case. The necessity that such testimony, of which there was none, be expert testimony has been discussed above. See e.g. Davis v. Margolis, supra; Somma v. Gracey, supra.
It is recognized that the nature of a legal malpractice action is such that it has, on occasion, been designated as a "lawsuit within a lawsuit" because the trier is called upon to determine what the outcome would have been for the plaintiff in the earlier case if the attorney sought to be charged in the later legal malpractice had properly represented that plaintiff. See e.g. Titsworth v. Mondo, 407 N.Y.S.2d 793, 798 (1978); Harding v. Bell, 265 OR. 202, 205, 508 P.2d 216 (1973); See also "A Suit Within A Suit," 60 W. Va. L.Rev. 225, 235-236. One court has said that "[I]n order to establish a prima facie case of legal malpractice, a plaintiff must prove the negligence of the attorney, that such negligence was the proximate cause of injury to the plaintiff, and that absent such negligence, plaintiff would have been successful in the underlying [earlier] action." Fidler v. Sullivan, 468 N.Y.S.2d 279, 290 (1983). Another court opines that, in order to prevail, the plaintiff must demonstrate absent the alleged acts of malpractice, she "would have been able to recover or proceed in a manner other than that which actually occurred." Broad v. Conway, 675 F. Sup. 768, 772 (N.D.N Y 1987), aff'd 849 F.2d 1467, (2d Cir.) (1988), cert. denied ___ U.S. ___, 109 S.Ct. 313, 102 L.Ed.2d 331 (1988), reh. denied ___ U.S. ___, 109 S.Ct. 825, 102 L.Ed.2d 814 (1989). We need not reach the matter of the "lawsuit within a lawsuit" concept under the circumstances of this case given our earlier discussion. In passing it is observed that there is no evidence that whatever moneys she obtained in settlement of her underlying action [now withdrawn] had anything to do with the content of the allegedly defective 7-465 notice.
The defendants' motion for dismissal for failure of the plaintiff to make out a prima facie case under Practice Book 302 is granted and, accordingly, judgment may enter for the defendants.
Arthur H. Healey State Trial Referee