ANN DIAZ *v.* HOUSING AUTHORITY OF THE CITY OF
STAMFORD ET AL.
(SC 16324)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 25—officially released December 18, 2001

*James T. Baldwin*, with whom, on the brief, was *Gregory F. Lisowski*, for the appellants (substitute plaintiffs).

*James L. Sullivan*, for the appellee (named defendant).

*Opinion*

VERTEFEUILLE, J. The sole question in this certified appeal is whether an employer violates General Statutes

§ 31-290a[1] when it discharges an employee solely on the basis that the employee, who claims a continued inability to work, fails to return to work following a compensable injury despite having been cleared to do so by his or her treating physician. We conclude that discharging an employee under such circumstances does not constitute a violation of § 31-290a. Accordingly, we affirm the judgment of the Appellate Court.

Pursuant to § 31-290a, the plaintiff, Ann Diaz,[2] filed a complaint with the workers' compensation commission alleging that the named defendant, the housing authority of the city of Stamford (defendant),[3] had terminated her employment in violation of § 31-290a because she

---

[1] General Statutes § 31-290a provides in relevant part: "Discharge or discrimination prohibited. Right of action. (a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

"(b) Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge. The court may also award punitive damages. Any employee who prevails in such a civil action shall be awarded reasonable attorney's fees and costs to be taxed by the court; or (2) file a complaint with the chairman of the Workers' Compensation Commission alleging violation of the provisions of subsection (a) of this section. . . . The commissioner may award the employee the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he otherwise would have been eligible if he had not been discriminated against or discharged. Any employee who prevails in such a complaint shall be awarded reasonable attorney's fees. Any party aggrieved by the decision of the commissioner may appeal the decision to the Appellate Court."

[2] The plaintiff died during the pendency of this appeal. A motion to substitute the joint administrators of her estate as the plaintiffs was granted on June 25, 2001. For convenience, we will refer to Diaz as the plaintiff.

[3] The insurer for the Stamford housing authority also was named as a defendant in this case but is not involved in this appeal. References herein to the defendant are to the housing authority.

had exercised the rights afforded her under the Workers' Compensation Act (act), General Statutes § 31-275 et seq. A workers' compensation commissioner (commissioner) dismissed the plaintiff's claim, finding that her discharge, although "patently unfair," was not a violation of § 31-290a. The plaintiff appealed from the commissioner's decision to the Appellate Court. The Appellate Court affirmed the decision of the commissioner in a per curiam opinion without discussion. *Diaz* v. *Housing Authority*, 56 Conn. App. 913, 747 A.2d 59 (2000). We thereafter granted the plaintiff's petition for certification to appeal to this court.[4] This appeal followed.

The record reveals the following facts, which guide our resolution of this appeal. The plaintiff was employed as a housekeeper for the defendant from November, 1993, until April, 1996. On April 22, 1996, during the course of her employment, the plaintiff suffered a compensable injury to her right thumb. At the defendant's direction, the plaintiff sought treatment from Robert Sterling, a physician, the following day. Despite the plaintiff's complaints of persistent pain in the injured thumb, Sterling released the plaintiff to return to light duty work effective April 24, 1996, and to full duty the following Monday, April 29.[5] On April 23, the same day that she was treated by Sterling, the

---

[1] The certified issue in this appeal is: "Whether an employee's discharge for not returning to work, while claiming she was unable to do so because of a compensable injury within two days of her discharge, constitutes a prima facie violation of General Statutes § 31-290a, requiring the employer to show a legitimate, nondiscriminatory reason for the discharge pursuant to *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 578 A.2d 1054 (1990)?" *Diaz* v. *Housing Authority*, 253 Conn. 917, 755 A.2d 214 (2000).

[5] When Sterling released the plaintiff to return to light duty work, he specifically instructed her to avoid grasping with her right hand. The plaintiff's normal duties as a housekeeper included vacuuming, sweeping and mopping floors, as well as scrubbing toilets, showers and bathroom walls, all of which involved grasping with the right hand.

plaintiff called her supervisor to inform her that, notwithstanding Sterling's release, she would not be returning to work on April 24, but rather would return on Monday, April 29.[6] The plaintiff did not report to work on April 24 because of the continued pain and discomfort in her right thumb. On April 24, the defendant terminated the plaintiff's employment effective April 26, 1996. The commissioner found that the sole reason for the plaintiff's discharge was her failure to return to work on April 24, in accordance with Sterling's instructions.

In the administrative proceedings before the commissioner, the plaintiff claimed that she had been discharged from her job with the defendant because she had exercised her rights under the act. Specifically, the plaintiff argued that her claim of incapacity to work, although contrary to Sterling's opinion, was "the purest form of an injured employee exercising her rights afforded to her pursuant to [the act]." The plaintiff alleged, in effect, that she had been acting within the rights afforded her by the act when she did not report to work on April 24, 1996. Since the plaintiff's discharge was due solely to her absence from work on that date, she claimed that her discharge violated § 31-290a because, under the burden-shifting analysis adopted by this court in *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 53–54, 578 A.2d 1054 (1990), she had presented a prima facie case of unlawful employment discrimination, which the defendant had failed to rebut.

After two formal hearings and the submission of briefs by the parties, the commissioner concluded that the defendant's termination of the plaintiff's employment did not violate § 31-290a. The commissioner found that the sole reason for the plaintiff's discharge had

---

[6] The plaintiff's regular workdays were Monday, Tuesday and Wednesday.

been her failure to return to work on April 24, in accordance with Sterling's instructions, and determined that her discharge on that ground did not constitute a violation of the statute. The commissioner concluded: "The evidence presented at the formal hearings does not lead me to conclude that the [defendant] discharged, or in any manner discriminated against the [plaintiff] because the [plaintiff] had filed a claim of [w]orkers' [c]ompensation benefits, or otherwise exercised the rights afforded to her pursuant to the provisions of [the act]." The commissioner did not apply expressly the *Ford* burden-shifting analysis in reaching this conclusion.

On appeal to this court, the plaintiff claims that the commissioner improperly failed to apply the burden-shifting analysis delineated in *Ford*. Had the *Ford* standard been applied, the plaintiff contends, it would have been apparent that she had established a prima facie case of discrimination pursuant to § 31-290a, which the defendant failed to rebut. The defendant responds that the plaintiff failed to establish a prima facie case of discrimination in violation of § 31-290a. Specifically, the defendant argues that the plaintiff failed to demonstrate that she had been exercising rights afforded her under the act, a necessary element of establishing a prima facie case. The defendant asserts that nothing in the act gave the plaintiff the right to refuse to return to work and to disregard unilaterally the medical opinion of her treating physician, who had cleared the plaintiff for light duty. The plaintiff's failure to report to work on April 24, the defendant contends, was, therefore, not an exercise of any right under the act, and, accordingly, the plaintiff failed to offer any evidence that would support a prima facie case of unlawful discrimination.

We conclude that the commissioner's failure to follow the *Ford* burden-shifting analysis was improper. We

also conclude, however, that the impropriety was harmless because the facts of this case, as found by the commissioner, clearly demonstrate that, as a matter of law, the plaintiff failed to establish a prima facie case of discrimination under § 31-290a.

"In setting forth the burden of proof requirements in a § 31-290a action, we look to federal law for guidance." *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, supra, 216 Conn. 53. "In *McDonnell Douglas Corporation* v. *Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), the United States Supreme Court set forth the basic allocation of burdens and order of presentation of proof in cases involving claims of employment discrimination. The plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. . . . In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. . . . If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. . . . If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. . . . The plaintiff then must satisfy her burden of persuading the factfinder that she was the victim of discrimination either directly by persuading the court . . . that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." (Citations omitted; internal quotation marks omitted.) *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, supra, 53–54.

Section 31-290a (a) provides: "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discrimi-

nate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." It is undisputed that the plaintiff had not filed a claim for workers' compensation benefits prior to her discharge. The only question in this case, therefore, is whether the defendant discriminated against the plaintiff because she had "otherwise exercised the rights afforded" her under the act.

To establish a prima facie case of discrimination under § 31-290a, the plaintiff must show that she was exercising a right afforded her under the act and that the defendant discriminated against her for exercising that right. The commissioner in this case found that "the evidence clearly shows that the sole reason for the termination of the [plaintiff's] employment was for her failure to return to work as per [Sterling's] instructions . . . ."[7] The plaintiff, therefore, must establish that the act gave her the right to decline to return to work because of her claimed inability to do so, notwithstanding Sterling's opinion to the contrary. We are unable to find any provision of the act that grants a plaintiff the right to disregard the opinion of his or her treating physician—the only medical opinion obtained in the present case—and to decide unilaterally that he or she is unable to return to work. Nothing in the act grants an employee the discretion to make such a medical determination. In the present case, since the plaintiff's failure to return to work was the sole reason for her discharge, the facts unequivocally demonstrate that the plaintiff has failed to produce any evidence of unlawful discrimination in violation of § 31-290a. The plaintiff, therefore, has failed, as a matter of law, to

---

[7] "It is the commissioner who has the power and the duty to determine the facts . . . ." (Citation omitted.) *Besade* v. *Interstate Security Services*, 212 Conn. 441, 448, 562 A.2d 1086 (1989). Neither party in this case has challenged the commissioner's findings of fact on appeal.

establish a prima facie case of discrimination. Accordingly, the commissioner's failure to apply the *Ford* burden-shifting analysis to the facts of the case was harmless error. See *Levy* v. *Commission on Human Rights & Opportunities*, 236 Conn. 96, 112, 671 A.2d 349 (1996) (hearing officer's use of incorrect burden-shifting analysis was harmless error because "factual findings, which the hearing officer reached irrespective of any particular mode of legal analysis employed, necessarily require[d]" same result); see also *Adriani* v. *Commission on Human Rights & Opportunities*, 220 Conn. 307, 329 n.21, 596 A.2d 426 (1991) (if evidence supports only one conclusion as matter of law, result should be affirmed notwithstanding error of hearing officer).

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.