[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves General Statutes §§ 31-312 and 31-290a of the Workers' Compensation Act[1] In his complaint, the plaintiff, Pasquale CT Page 5569 Boccuzzi, alleges in the first of three counts that he was injured during the course of his employment with the defendant, Stamford Health System (Stamford Health); that the defendants[2] refused to reimburse him for lost time while undergoing medical treatment, took away some vacation days for time lost from work while undergoing medical treatment, refused to compensate him for time lost while undergoing physical therapy, represented that his workers' compensation case was "closed," and that as a result he would not be reimbursed for time lost for future medical treatment, while the case was actually still open, and forced him to resort to informal hearings before the workers' compensation office and to institute this suit in order to recover the benefits to which he was entitled. The plaintiff further alleges in this first count that as a result of the defendants' conduct he suffered "a permanent partial psychiatric and neurological disability."
In the second count, the plaintiff alleges that the defendants' conduct constituted an "unreasonable risk" (emphasis in original) of causing him "emotional distress." In the third count of the complaint, the plaintiff contends that the defendants violated General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA).[3]
The defendants have filed motion #107 to strike all three counts. The defendants contend that the plaintiff has failed to plead a valid cause of action under the Workers' Compensation Act because he did not and could not allege that he received "substantially disparate treatment" because he had applied for workers compensation benefits. In addition, the Trust, as the administrator of the workers' compensation plan, contends that the Act does not provide that such an administrator can be sued.
In terms of striking the second count of the complaint, the defendants contend that negligent infliction of emotional distress can only be asserted if it arises in the termination of an employee's employment. The defendants argue that the third count claiming a violation of CUTPA does not set forth a valid cause of action because an employer-employee relationship was involved in this case, and not a trade or commerce situation.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., CT Page 5570240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
Turning to the first count which alleges a violation of two sections of the Workers' Compensation Act, the plaintiff alleges that he was discriminated against as a result of his applying for workers' compensation, and in the first count of the complaint he gave several examples of losing wages and vacation pay. General Statutes § 31-290a
(b) is broadly written and permits a suit by "[a]ny employee who is . . . discriminated against. . . ." In addition, Diaz v. Housing Authority ofStamford, 258 Conn. 724, 731, 785 A.2d 192 (2001), states that "[t]o establish a prima facie case of discrimination under § 31-290a, the plaintiff must show that [he] was exercising a right afforded [him] under the act . . ." The defendants' contention that a plaintiff must specifically plead that he suffered "a substantially disparate treatment" as compared with those similarly situated is not persuasive as no specific authority was cited. The plaintiff therefore has sufficiently set forth a cognizable cause of action under the Worker's Compensation Act. However, there is no authority to sue the administrator of a workers' compensation plan because it is not the employer of the plaintiff, and the motion to strike is granted as to the Trust.
The motion to strike also addresses the second count which asserts a claim for the negligent infliction of emotional injury. Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 88-89, 700 A.2d 655 (1997), states clearly that the "negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process." (Internal citation omitted.) This holding was recently reaffirmed in Perodeau v. Hartford,259 Conn. 729, 758, 792 A.2d 752 (2002) ("we conclude that, when the employment relationship is ongoing, the public policies enumerated inJaworski v. Kiernan, supra, 241 Conn. 407, outweigh the interests of persons subject to such behavior in the workplace in being compensated for their emotional injuries."). The employment of the plaintiff in this case has not been terminated and, therefore, the motion to strike the second count is granted.
In regard to the third count of the complaint alleging a violation of CUTPA, this count is also stricken under the authority of Quimby v.Kimberly Clark Corp., 28 Conn. App. 660, 613 A.2d 838 (1992). "The actual employment relationship is not itself trade or commerce for the purpose of CUTPA." Id., 670. The Appellate Court went on to explain its ruling by indicating that: "The plaintiff does not allege that the defendant CT Page 5571 committed these acts `in the conduct of any trade or commerce.' The terms trade and commerce are defined in General Statutes 42-110a (4) as `the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value in this state.' The relationship in this case is not between a consumer and a commercial vendor, but rather between an employer and an employee. There is no allegation in the complaint that the defendant advertised, sold, leased or distributed any services or property to the plaintiff." Id.
In summary, the motion to strike the first count is denied as to Stamford Health and granted as to the Trust. The motion to strike is granted as to counts two and three, as to both defendants.
So Ordered.
Dated at Stamford, Connecticut, this __2nd__ day of May, 2002.
William B. Lewis, Judge