[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
Before the court is the defendant's motion for summary judgment as to both counts of the plaintiff's two-count complaint alleging employment discrimination and disability discrimination. According to the evidence presented by the parties, from 1995 to 1999, the defendant, People's Bank, employed the plaintiff, Murielle Christophe, in its consumer loan servicing department. Her work duties included keyboard work for data entry. In July 1996, the plaintiff made a workers' compensation claim for a condition known as carpal tunnel syndrome.[1]
In August 1999, her doctor restricted her from typing for three months. To accommodate the plaintiff's injury, the defendant arranged for her to cease working on a keyboard and assigned her to work in a transitional job. (Affidavit of Nina Stietzel, ¶ 3; Affidavit of Susan Hudson, ¶ 2, 3.) The plaintiff alleges in her complaint that the defendant advised her that if she could not find another position within the bank, she would be fired.
Both parties agree to the following relevant facts. On September 2, 1999, the plaintiff notified the defendant that she was resigning in two weeks, making her last day of work September 16, 1999. On September 14, 1999, the plaintiff did not return to work at the end of her lunch break at 2:00 p. m., nor did she report to work on September 15 or September 16, 1999. (Defendant's Memorandum, Exhibit D, ¶ 12, 15, 16.) The defendant terminated the plaintiff's employment as of September 14, 1999.
On August 21, 2001, the plaintiff brought a two-count complaint against the defendant alleging that the defendant fired her without good cause in violation of General Statutes § 31-290a; and wrongfully terminated her in violation of General Statutes § 46a-60 et seq. because she has a disability. The defendant moves for summary judgment on the grounds that no issues of fact exist and that it is entitled to judgment as a matter of law on count one because the plaintiff failed to make out a CT Page 2790-ap prima facie case of employment discrimination under General Statutes § 31-290a; and on count two because the plaintiff's injury is not within the statutorily protected class of disabilities protected by § 46a-60 et seq.
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250,802 A.2d 63 (2002). "[A]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) BuellIndustries, Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527,550, 791 A.2d 489 (2002). "[Summary judgment] is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski 206 Conn. 495, 500, 538 A.2d 1031 (1988).
General Statutes § 31-290a provides: "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any maimer discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." "`In setting forth the burden of proof requirements in a § 31-290a action, we look to federal law for guidance.' Ford v. Blue Cross Blue Shield of Connecticut, Inc., [216 Conn. 40, 53,578 A.2d 1054 (1990)]. `In McDonnell Douglas Corporation v. Green,411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the United States Supreme Court set forth the basic allocation of burdens and order of presentation of proof in cases involving claims of employment CT Page 2790-aq discrimination. The plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. . . . In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination.' . . . Ford v.Blue Cross Blue Shield of Connecticut, Inc., supra. [53]." Diaz v.Housing Authority, 258 Conn. 724, 730, 785 A.2d 192 (2001).[2] In Diaz, the court also held that "[t]o establish a prima facie case of discrimination under § 31-290a, the plaintiff must show that she was exercising a right afforded her under the act and that the defendant discriminated against her for exercising that right" Id., 731. Accordingly, "`[t]he plaintiff, to make out a prima facie case of retaliatory discharge, must establish (a) [protected activity, i.e.,] that he filed a claim for workers' compensation benefits or otherwise exercised his rights under chapter 568 of the Connecticut General Statutes [Workers' Compensation Act]; (b) an employment action disadvantaging the plaintiff; and (c) a causal connection between the protected activity and the adverse employment action.' Gordon v. Yale-NewHaven Hospital, Superior Court, judicial district of New Haven at New Haven, Docket No. 365472 (May 22, 1998, Levin, J.)." Rosenberg v. MeridenHousing Authority, Superior Court, judicial district of New Haven, Docket No. CV 95 0377376 (October 29, 1999, Licari, J.). What is more, in Crainev. Trinity College, 259 Conn. 625, 638, 791 A.2d 518 (2002), the court noted that "[t]he level of proof required to establish a prima facie case is minimal and need not reach the level required to support a jury verdict in the plaintiff's favor."
The defendant contends that because the plaintiff was an at-will employee it had the right to terminate her employment at any time;[3]
and that the plaintiff fails to establish even an inference that it discharged her because she exercised her workers' compensation rights in violation of § 31-290a. The defendant maintains that the plaintiff had already given her notice of resignation and that in terminating her employment two days prior to the date of her resignation, it was merely applying a neutral attendance policy, and it did nothing that could be characterized as discrimination. The plaintiff counters that material questions of fact exist as to whether she was wrongfully terminated in violation of § 31-290a.
"Often, a plaintiff cannot prove directly the reasons that motivated an employment decision. Nevertheless, a plaintiff may establish a prima facie case of discrimination through inference by presenting `facts [that are] sufficient to remove the most likely bona fide reasons for an employment action . . .' Tyler v. Bethlehem Steel Corp., [958 F.2d 1176,1180 (2d Cir. 1992)]." Levy v. Commission on Human Rights Opportunities, 236 Conn. 96, 107, 671 A.2d 349 (1996). Moreover, deciding CT Page 2790-ar issues of intent and credibility are particularly inappropriate for summary judgment. See Suarez v. Dickmont Plastics Corp., 229 Conn. 99,111, 639 A.2d 507 (1994). Although the Appellate Court has approved trial court decisions granting summary judgment to employers where employees were discharged for violating a neutral absence control policy, those decisions were based on the court's conclusion that the plaintiffs failed to offer evidence raising an inference of discrimination, and therefore, failing to present a genuine issue of material fact as to the real reason for the termination. See Kopacz v. Day Kimball Hospital of Windham City,64 Conn. App. 263, 268-69, 779 A.2d 862 (2001); Chiaia v. PepperidgeFarm. Inc., 24 Conn. App. 362, 369, 588 A.2d 652, cert. denied,219 Conn. 907, 593 A.2d 133 (1991).
Here, in her affidavit, the plaintiff attests that: (1) her supervisor told her that she would be fired if she could not complete her duties, and resume her regular work which included typing; (2) she was forced to resign due to the above referenced threat; (3) she was treated poorly after she filed her workers' compensation claim; and (4) one of her supervisors falsely accused her of using inappropriate language and being uncooperative in a written warning dated September 13, 1999. (Plaintiff's Affidavit, ¶¶ 8, 10, 11.)[4] Examining the record in its entirety, particularly in light of the plaintiff's minimal burden, the court holds that there is minimally sufficient evidence to give rise to an inference of unlawful discrimination. As our Supreme Court has previously stated, "`[a] party has the same right to submit a weak case as he has to submit a strong one. Fritz v. Gaudet, 101 Conn. 52, 53, 124 A. 841 (1924),'Falker. Samperi, [190 Conn. 412, 419, 461 A.2d 681 (1983)]." Thomas v.West Haven, 249 Conn. 385, 392, 734 A.2d 535 (1999), cert. denied,528 U.S. 1187, 120 S.Ct. 1239, 146 L.Ed.2d 99 (2000).
The defendant moves for summary judgment on count two of the plaintiff's complaint on the ground that carpal tunnel syndrome is not a physical disability that is protected under General Statutes § 46a-60
et seq. Section 46a-60 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section: (1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's . . . physical disability. . . ." Section 46a-51 (15) defines a person as physically disabled if the person has "any chronic physical handicap, infirmity or impairment, whether congenital or resulting from bodily injury, organic processes or changes or from illness, including, but not limited to, epilepsy, deafness or hearing impairment or reliance on a wheelchair or other remedial CT Page 2790-as appliance or device. . . ."
The defendant contends that the court should look to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102 (2) to determine whether the plaintiff has a "disability" and argues that according to federal precedent, carpal tunnel syndrome is not a "disability" unless it substantially limits an employee from performing major life activity and the plaintiff is not so limited.[5] The plaintiff counters that carpal tunnel syndrome has been included within the term of "physical disability" under Connecticut law.
The plaintiff brought her case under General Statutes § 46a-60.[6]
Unlike the ADA, the Connecticut statute does not define a disability in terms of whether it substantially limits a major life activity. Moreover, although our Supreme Court has not addressed the issue specifically, our trial courts have held that carpal tunnel syndrome can be a physical disability under § 46a-60, particularly when the condition is chronic. See Farahani v. University of Connecticut, Superior Court, judicial district of Hartford, Docket No. CV 01 0809033 (July 9, 2002, Wagner, J.T.R) (finding carpal tunnel syndrome qualifies as a physical disability under § 46a-51); Infante v. Thomas, Superior Court, judicial district of New Haven, Docket No. CV 97 0395925 (June 20, 2001) (holding carpal tunnel syndrome is a physical disability for purposes of the ADA and § 46a-60); Gillman Brothers Co. v. Commissionon Human Rights and Opportunities, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 95 0536075 (May 13, 1997, McWeeny, J.) (upholding CHRO decision that chronic carpal tunnel syndrome is a physical disability under § 46a-51 (15)); GeneralDynamics Corp. v. Commission on Human Rights and Opportunities, Superior Court, judicial district of New London, Docket No. CV 92 524412 (August 9, 1993, Hurley, J.) (upholding a CHRO decision in which, at trial, parties agreed carpal tunnel syndrome is a disability according to §46a-51 (15)).
The plaintiff provided evidence that her condition, which was originally diagnosed in 1996, became progressively worse over time to the point where her doctor told her to refrain from typing for three months. The plaintiff also attests that she missed work because of her condition and that it restricted her from performing all activities that involved the use of her right hand. The plaintiff claims, moreover, that she has problems using her right hand and that her strength has lessened and that all functions requiring the use of her right hand are difficult. In addition, there is evidence that the plaintiff's doctor allegedly advised her that she would "have to change her job activity permanently in order for her symptoms to improve." Under these facts, there is a genuine issue CT Page 2790-at of fact as to whether the plaintiff's alleged condition is sufficiently debilitating to warrant recovery under § 46a-60.
For the foregoing reasons, the defendant's motion for summary judgment is hereby denied.