AMY BETH KOPACZ *v.* DAY KIMBALL HOSPITAL OF
WINDHAM COUNTY, INC.
(AC 19279)

Lavery, C. J., and Dranginis and Dupont, Js.

---

[2] We express no opinion as to whether those conditions have been met in this case.

Argued January 17—officially released July 17, 2001

*James E. Mattern*, with whom, on the brief, was *Thomas M. DeLillo*, for the appellant (plaintiff).

*Hugh F. Murray III*, with whom, on the brief, was *C. Elaine Blackwood*, for the appellee (defendant).

*Opinion*

DRANGINIS, J. The plaintiff, Amy Beth Kopacz, appeals from the summary judgment rendered in favor of the defendant, Day Kimball Hospital of Windham County, Inc., doing business as Day Kimball Hospital (Day Kimball), in connection with the termination of her employment. On appeal, the plaintiff claims that the trial court improperly found that there was no genuine issue as to any material fact. We affirm the judgment of the trial court.

The following facts are necessary for our resolution of the plaintiff's appeal. The plaintiff was employed by Day Kimball as a full-time, X ray technician-radiographer. In March, 1994, the plaintiff sustained back injuries that arose out of and in the course of her

employment, thereby entitling her to workers' compensation benefits. See General Statutes § 31-275 et seq. As a result of her injuries, she was unable to return to work on a regular basis until November, 1994.[1] In March, 1995, the plaintiff reinjured her back, again entitling her to workers' compensation benefits. This time, she was given an alternative, part-time position in another department at Day Kimball. Day Kimball hired a per diem employee to fill the plaintiff's previous position.[2] From March, 1995, until March, 1996, the plaintiff did not perform any work in the radiology department. On or about March 20, 1996, the defendant terminated the plaintiff's employment, effective March 15, 1996, and hired the per diem employee on a full-time basis.

In May, 1996, the plaintiff underwent surgery for her injuries and was directed by her physicians to remain out of work. On November 1, 1996, her physician cleared her to return to work as an X ray technician-radiographer on a full-time basis. The plaintiff informed the defendant of her status; however, the defendant refused to reinstate her. Day Kimball eventually hired the plaintiff as a per diem radiographer in January, 1997, and she remains so employed.

The plaintiff filed this action on December 24, 1996, alleging (1) that the defendant's termination of her employment was wrongful and its refusal to reinstate her was discriminatory in violation of General Statutes § 31-290a, which prohibits private employers from using retaliatory measures against employees who file claims for workers' compensation benefits,[3] (2) breach of an

---

[1] The plaintiff returned to work for a short time in April, 1994, but was then directed by her physician to remain out of work. She underwent surgery in June, 1994, and returned to work on a part-time basis in August, 1994.

[2] Per diem employees do not receive benefits and have less security than full-time employees.

[3] General Statutes § 31-290a provides: "(a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised

express or implied in fact contract, and (3) breach of the covenant of good faith and fair dealing.

The defendant claimed that its reasons for the plaintiff's termination were nondiscriminatory: A full year had passed since the plaintiff was able to perform the functions of her regular position; the plaintiff could provide no indication that she would be able to return to work in the near future; the per diem employee who had been performing in the plaintiff's former position indicated that she might leave if the defendant could not offer her a full-time position; and budgetary practices prevented the defendant from hiring an additional full-time employee.

On October 24, 1997, the defendant filed a motion for summary judgment. On January 8, 1999, the plaintiff filed a memorandum of law in opposition. The defendant filed its response on January 11, 1999. After hearing

the rights afforded to him pursuant to the provisions of this chapter.

"(b) Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge. The court may also award punitive damages. Any employee who prevails in such a civil action shall be awarded reasonable attorney's fees and costs to be taxed by the court; or (2) file a complaint with the chairman of the Workers' Compensation Commission alleging violation of the provisions of subsection (a) of this section. Upon receipt of any such complaint, the chairman shall select a commissioner to hear the complaint, provided any commissioner who has previously rendered any decision concerning the claim shall be excluded. The hearing shall be held in the workers' compensation district where the employer has its principal office. After the hearing, the commissioner shall send each party a written copy of his decision. The commissioner may award the employee the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he otherwise would have been eligible if he had not been discriminated against or discharged. Any employee who prevails in such a complaint shall be awarded reasonable attorney's fees. Any party aggrieved by the decision of the commissioner may appeal the decision to the Appellate Court."

oral argument on the motion, the court rendered summary judgment in favor of the defendant on January 15, 1999.

"Our review of a trial court's rendering of summary judgment takes place within certain defined parameters. This court has held that [o]n appeal . . . the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous. . . . It is appropriate to render summary judgment only where there is no genuine issue of material fact. Summary judgment should be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In passing on the defendant's motion for summary judgment the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist. . . .

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Simply, the granting of summary judgment is appropriate only if a fair and reasonable person could conclude only one way." (Citations omitted; internal quotation marks omitted.) *Raboin* v. *North American Industries, Inc.*, 57 Conn. App. 535, 537–38, 749 A.2d 89, cert. denied, 254 Conn. 910, 759 A.2d 505 (2000).

"Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly

erroneous." (Citation omitted; internal quotation marks omitted.) *Kroll* v. *Steere*, 60 Conn. App. 376, 380–81, 759 A.2d 541, cert. denied, 255 Conn. 909, 763 A.2d 1035 (2000).

"The burden of proof in actions involving § 31-290a is stated in *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 53, 578 A.2d 1054 (1990), and *Chiaia* v. *Pepperidge Farm, Inc.*, 24 Conn. App. 362, 366, 588 A.2d 652, cert. denied, 219 Conn. 907, 593 A.2d 133 (1991). The plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. . . . In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. . . . If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. . . . If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. . . . The plaintiff then must satisfy [the] burden of persuading the factfinder that [the plaintiff] was the victim of discrimination either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. . . . *Chiaia* reiterates the *Ford* outline for the burden of proof in § 31-290a (a) cases." (Citation omitted; internal quotation marks omitted.) *Chernovitz* v. *Preston Trucking Co.*, 52 Conn. App. 570, 572–73, 729 A.2d 222 (1999).

In *Chiaia* v. *Pepperidge Farm, Inc.*, supra, 24 Conn. App. 369, this court affirmed the decision of the trial court, which determined that the plaintiffs had failed to meet their burden of proof under § 31-290a where their employer had discharged them solely as a result of

the neutral application of a reasonable absence control policy. We held that "§ 31-290a, like its counterpart in other workers' compensation schemes, does not require an employer to retain an employee unable to perform his or her work simply because that inability resulted from a work related injury or illness. See, e.g., *Hines* v. *United Parcel Service, Inc.*, 736 F. Sup. 675, 678 (D.S.C. 1990); *Fergerstrom* v. *Datapoint Corporation*, 680 F. Sup. 1456 (D. Hawaii 1988); *Smith* v. *Electrical System Division of Bristol Corporation*, 557 N.E.2d 711 (Ind. App. 1990); *Rowland* v. *Val-Agri, Inc.*, 13 Kan. App. 2d 149, 766 P.2d 819 (1988); *Mitchell* v. *St. Louis County*, 575 S.W.2d 813 (Mo. App. 1978); *Galante* v. *Sandoz, Inc.*, 192 N.J. Super. 403, 410, 470 A.2d 45 (1983), aff'd, 196 N.J. Super. 568, 483 A.2d 829 ([App. Div.] 1984) [appeal dismissed, 103 N.J. 492, 511 A.2d 665 (1986)]; *Duncan* v. *New York State Developmental Center*, 63 N.Y.2d 128, 470 N.E.2d 820 (1984). Businesses would suffer significant losses if they were prevented from filling employment vacancies after the lapse of a reasonable period of time. See *Duncan* v. *New York State Developmental Center*, supra, 135." *Chiaia* v. *Pepperidge Farm, Inc.*, supra, 366–67. We also found, in *Erisoty* v. *Merrow Machine Co.*, 34 Conn. App. 708, 712–13, 643 A.2d 898, cert. denied, 231 Conn. 908, 648 A.2d 151 (1994), that the plaintiff had failed to state a claim under § 31-290a where she was discharged solely as a result of her employer's inability to accommodate her medical condition, there being no available, long-term position suited to her work restrictions and qualifications.

In this case, the plaintiff first claims that the court improperly found that she did not present evidence from which the trier of fact could find that the defendant had discriminatory intent, as is required to state a prima facie case under § 31-290a. Specifically, she argues that the court improperly granted the defendant's motion

for summary judgment because the record demonstrates that the defendant (1) knew that the plaintiff filed a workers' compensation claim, (2) knew that the plaintiff would be able to return to work within six to eight months of her second surgery, (3) decided to hire the per diem employee to replace the plaintiff when the per diem employee demanded full-time employment, even though the plaintiff was a senior member of the department with an exemplary employment record and (4) discharged the plaintiff because she had filed a claim for and was receiving workers' compensation benefits. The plaintiff claims that the record reveals that the defendant did not have a policy regarding absence control, that an administrative director at the plaintiff's department was under the impression that the defendant was holding the plaintiff's position open for her, and that the defendant knew the plaintiff was approved for surgery and offered contradictory explanations for the plaintiff's termination, thereby raising a reasonable inference of discrimination.

We conclude, on the basis of our review of the pleadings and affidavits, that the plaintiff offered no evidence that raises an inference of discrimination and, therefore, failed to present a genuine issue of material fact as to the real reason for her termination. In support of its motion for summary judgment, the defendant, by contrast, offered the affidavit of its employment and benefits coordinator, Cindy Gaucher. Gaucher attested that the plaintiff was unable to perform any work for the radiology department for one full year after reinjuring her back and could not give any indication of when she would be able to return.[4] Gaucher further stated that budgetary practices prevented the defendant from hir-

---

[4] The plaintiff's physician had indicated that she would be able to return to work approximately six to eight months after surgery. The record reveals, however, that as of March, 1996, the plaintiff's surgery had not yet been scheduled.

ing a full-time employee to perform the duties that had been carried out by the per diem employee and that the defendant therefore terminated the plaintiff's employment to open a position for the per diem employee. The defendant's evidence also revealed that the per diem employee had indicated her intent to leave if she did not receive an offer for full-time employment.

The plaintiff next claims that the court improperly granted summary judgment as to the second and third counts of her complaint. Specifically, she contends that the court failed to address the issue of whether the defendant breached an express or implied in fact employment contract with the plaintiff or violated the covenant of good faith and fair dealing as a result of its failure to follow the termination procedures set forth in its policy manual. She further asserts that summary judgment in favor of the defendant was improper on those counts because she presented evidence that created a material issue of fact as to whether the defendant had complied with its termination procedures. We disagree.

At the hearing on the defendant's motion for summary judgment, the court asked the plaintiff's counsel to clarify the distinctions between the three counts alleged. The plaintiff's counsel clearly conceded that the gravamen of all three counts was that the plaintiff was discharged in retaliation for filing a workers' compensation claim or subsequently receiving those benefits.[5] Finding

---

[5] The followed colloquy occurred between the court and the plaintiff's counsel:

"The Court: A question I have for plaintiff's counsel. There's three counts here. The first count is the statutory retaliatory discharge under § 31-290a. The second count's the implied contract with the—the employee handbook, etc. The way I read the pleadings on the second count—the violation is still that they discharged her because she filed a workmen—workers' compensation claim.

"[Plaintiff's Counsel]: That's correct, Your Honor.

"The Court: And not on any other grounds.

"[Plaintiff's Counsel]: No other ground.

"The Court: All right. And the third ground is a violation of their obligation

that counsel's representation constituted a judicial admission, the court determined that there was no genuine issue of material fact as to counts two and three, and rendered summary judgment in favor of the defendant. The plaintiff in her reply brief argues, however, that counsel made no such admission because the court did not inquire as to the factual basis of counts two and three: "Plaintiff's counsel focused upon a narrow question from the court regarding the [facts of the] plaintiff's discharge." Specifically, the plaintiff argues that counsel was responding to the question of why the plaintiff alleged that she had been wrongfully discharged and not to the question of whether the alleged violation of § 31-290a was the only basis for her claims of breach of contract, and breach of the covenant of good faith and fair dealing.

"Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings. . . . A judicial admission is, in truth, a substitute for evidence, in that it does away with the need for evidence." (Citation omitted; internal quotation marks omitted.) *State* v. *Nguyen*, 52 Conn. App. 85, 89–90, 726 A.2d 119 (1999), aff'd, 253 Conn. 639, 756 A.2d 833 (2000). "A party is bound by a judicial admission unless the court, in the exercise of its discretion, permits the admission to be withdrawn, explained or modified." (Internal quotation

---

of fair dealing.

"[Plaintiff's Counsel]: Correct.

"The Court: Is it limited to the same act of discharging her because she filed the workers' comp or is that some other ground? That wasn't clear to me, reading that third count.

"[Plaintiff's Counsel]: The claim of bad faith in fair dealing arises out of the facts that are the basis of the second count. I'll concede that.

"The Court: All right. So the gravamen of all three counts is the same— that she was discharged because of the filing of the workmens' compensation claim or the receiving of the benefits.

"[Plaintiff's Counsel]: That's correct."

marks omitted.) *Days Inn of America, Inc.* v. *161 Hotel Group, Inc.*, 55 Conn. App. 118, 127, 739 A.2d 280 (1999).

We conclude that the colloquy between the plaintiff's counsel and the court could not have been more clear. The plaintiff's counsel clearly indicated, in fact *conceded*, that the factual basis for counts two and three was the plaintiff's alleged discharge in violation of § 31-290a.[6] The plaintiff makes no claim that she could prevail on her causes of action as stated in counts two and three without proof of a wrongful discharge in violation of § 31-290a. If the plaintiff's counsel misunderstood the court's question, he should have sought to correct the misunderstanding by making a motion to reargue.[7] Having made no such attempt, the plaintiff cannot now ask this court to disregard the statement.

We therefore conclude that the plaintiff has failed to show that the court's rendering of summary judgment in favor of the defendant was clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.