[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, William J. Zisk, claims an ownership interest in land located in Haddam. Defendant, Walkley Heights Associates (Walkley Heights) is the record owner. "[T]he Plaintiff claims a judgment determining the rights of the parties in or to the land and settling the title thereto." Complaint, July 17, 1998, p. 3. This is an action to quiet title. C.G.S. § 47-31.
The action to quiet title statute provides in part:
 "(b) The complaint in such action shall describe the property in question and state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired the claim, interest or title. . . ." CGS § 47-31 (b)
Plaintiff's complaint does not "state the plaintiff's claim, interest or title" as required by the statute. Complaint, June 9, 1998; Amendment To The Complaint, July 17, 1998. [101] Plaintiff does allege "the manner CT Page 6672 in which [he] acquired the claim, interest or title. . . ." Complaint, July 17, 1998, ¶¶ 2-5; Amendment To The Complaint, July 17, 1998, ¶¶ 4, and 6-9.
The statute states "the complaint . . . shall name the person or persons who may claim the adverse estate or interest." CGS § 47-31
(b). Curiously, the complaint barely mentions Walkley Hill Associates, the sole defendant in this action.[1]
In the last three paragraphs of his Amendment To The Complaint, July 17, 1998 [101] plaintiff alleges a Steven A. Rocco and High Street Associates purport to have an interest in the property. Amendment To The Complaint, July 17, 1998, ¶¶ 10, 11, and 12. [101]
Defendant answered the complaint and filed special defenses. Answer and Special Defenses, November 4, 1998. [107] Of significance here is the second special defense.
 "2. Plaintiff is barred from bringing this action because he has no interest in the subject real estate as has been ruled on by the court in the matter known as High Street Associates v. William J. Zisk, bearing docket number 62496 and decided by State Trial Referee Judge Spallone in his Memorandum of Decision dated May 5, 1993 attached hereto as Exhibit A. In said case of partition the court found that William Zisk failed to prove allegations in his counterclaim including his claim to quiet title. Allegations set forth in paragraphs 6, 7, 8, and 9 of plaintiff's Amended Complaint were raised and addressed by the Court in High Street Associates v. William J. Zisk. Therefore, said issues determined by Judge Spallone are res judicata in this matter, and plaintiff is estopped from having those matters retried in this case." Answer and Special Defenses, November 4, 1998, pp. 2-3. [107]
In this memorandum, the case relied upon in the just quoted special defense is referred to as "High Street Associates v. William J. Zisk, or, the "prior case." A more complete description is — "High StreetAssociates v. William J. Zisk, Superior Court, Judicial District of Middlesex, CV 91 62496 (May 5, 1993, Spallone, J.T.R.); affirmed,34 Conn. App. 922 (1994); certification denied, 231 Conn. 910 (1994); certiorari denied sub nom., Zisk v. High Street Associates, 513 U.S. 1192
(1995); rehearing denied, 514 U.S. 1078 (1995). CT Page 6673
The court addresses several principles of law which guides it in deciding this case.
In a quiet title action, the burden is on the plaintiff to prove his ownership and the lack of any legitimate title in other parties. To prevail, plaintiff must do so on the strength of his own title.
 "The plaintiff is required to prevail on the strength of his title and not on the weakness of his adversary's claim. Veismid v. Nelson, 175 Conn. 221, 229, 397 A.2d 113 (1978); Lake Garda Improvement Assn. v. Battistoni, 155 Conn. 287, 293, 231 A.2d 276
(1967); Burke v. Ruggerio, 24 Conn. App. 700, 704, 591 A.2d 453, cert. denied, 220 Conn. 903, 593 A.2d 967
(1991)." Koennicke v. Maiorano, 43 Conn. App. 1, 9
(1996).
 "Moreover, that party must prevail on the strength of its own title and not on the weakness of its adversary's title. Lake Garda Improvement Assn. v. Battistoni, 155 Conn. 287, 293, 231 A.2d 276 (1967)." Remington Investments, Inc. v. National Properties, 49 Conn. App. 789, 797 (1998).
The court must determine whether the facts plaintiff has alleged about his "claim, interest or title and the manner in which [he] acquired the claim, interest or title" have been established so that plaintiff can prevail "on the strength of his title."
Such fact allegations as are necessary to establish the strength of plaintiff's interest must be proven by the usual preponderance of the evidence standard. Forgione v. Commercial Credit Corp., Superior Court, Judicial District of New Britain, Complex Litigation Docket, No. X06: CV 98-0153101S (Aurigemma, J. December 16, 1999), citing, Loeb v. Al-MorCorp., 42 Conn. Sup. 279 (1991); affirmed 224. Conn. 6 (1992). Judgment for the defendant on the complaint is in order if the plaintiff has not proven, by a preponderance of the evidence, that he has title as alleged in his complaint. DeVita v. Esposito, 13 Conn. App. 101, 108 (1987).
According to defendant, the plaintiff is barred or precluded from prevailing on the claims he is asserting in this case by the doctrine of claim preclusion (res judicata). Issue preclusion (collateral estoppel) also may be applicable.
Our Supreme Court has addressed these doctrines recently.
CT Page 6674 "[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action [between the same parties or those in privity with them] on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. Cromwell v. County of Sac, 94 U.S. 351, 352-53, 24 L.Ed. 195 (1876); 1 Restatement (Second), [Judgments] §§ 19, 25; James Hazard, Civil Procedure (2d Ed.) § 11.3. State v. Aillon, 189 Conn. 416, 423-24, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S.Ct. 124, 78 L.Ed.2d 122 (1983). The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it.
 "We have adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata. [T]he claim [that is] extinguished [by the judgment in the first action] includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a transaction, and what groupings constitute a series, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. . . . Orselet v. DeMatteo, [206 Conn. 542, 545-46, 539 A.2d 95 (1988)]; see Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 364-65, 511 A.2d 333
(1986); see also Nevada v. United States, 463 U.S. 110, 130-31 n. 12, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983); 1 Restatement (Second), [supra, § 24]. In applying the transactional test, we compare the complaint in the second action with the pleadings and the judgment in the earlier action. See, e.g., Nevada v. United States, supra, 131-34; Capraro v. Tilcon Gammino, Inc., 751 F.2d 56, 57 (1st Cir. 1985). . . . CT Page 6675 Commissioner of Environmental Protection v. Connecticut Building Wrecking Co., 227 Conn. 175, 189-90, 629 A.2d 1116 (1993). . . .
 "Finally, we recognize that a decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close; 1 Restatement (Second), supra, § 24, p. 199; and the competing interest of the plaintiff in the vindication of a just claim. We have stated that res judicata should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. . . . The judicial [doctrine] of res judicata . . . [is] based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest. . . . We review the doctrine of res judicata to emphasize that its purposes must inform the decision to foreclose future litigation. The conservation of judicial resources is of paramount importance as our trial dockets are deluged with new cases daily. We further emphasize that where a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding. But the scope of matters precluded necessarily depends on what has occurred in the former adjudication. . . . State v. Ellis, [197 Conn. 436, 465-67, 497 A.2d 974 (1985)]." (Emphasis added.) Delahunty v. Massachusetts Mutual Life Ins. Co., 236 Conn. 582, 589-92, 674 A.2d 1290 (1996)." [Internal quotation marks omitted.] Fink v. Golenbock, 238 Conn. 183, 191-3 (1996).
The court must determine if claim preclusion (res judicata) may be invoked here. CT Page 6676
In High Street Associates v. William J. Zisk, the plaintiff there, High Street Associates, a partnership, brought the action to quiet title. High Street Associates claimed to own an undivided 5/6 interest in the land. It alleged the defendant there, William J. Zisk, owned an undivided 1/6 interest. Plaintiff sought a partition by sale. Defendant there denied High Street Associates owned any interest.[2] Among many assertions, defendant, William J. Zisk, claimed the property "was held by Defendant in fee simple absolute free and clear of legal and equitable claims of Plaintiff."[3] Defendant Zisk also filed counterclaims. Counterclaim, November 23, 1992 ((112.50));[4] Amended Counterclaim, February 11, 1993 ((118)). The First Count of the Amended Counterclaim was an action to quiet title. In that First Count, plaintiff alleged that High Street Associates claimed to own the entire land in dispute (32 acres) as unequal tenants in common with defendant (Zisk). As to a specific 4 acre parcel thereof, Zisk alleged he was "the absolute sole owner." High StreetAssociates v. William J. Zisk, Amended Counterclaim, February 11, 1993, First Count, ¶ 5, p. 2. ((118)) The court held, among other things, that plaintiff owned an undivided 5/6 interest. The court rejected defendant's many allegations regarding his ownership. The court held that defendant owned only an undivided 1/6 interest as the plaintiff alleged. The court ordered a partition by sale. A committee of the court sold the property. The sale was approved by the court. Defendant Zisk appealed. The judgment of the trial court was affirmed. High Street Associates v.William J. Zisk, 34 Conn. App. 922 (1994); certification denied,231 Conn. 910 (1994); certiorari denied sub nom., Zisk v. High StreetAssociates, 513 U.S. 1192 (1995); rehearing denied, 514 U.S. 1078 (1995)
At the beginning of the trial of the case now before the court, the court asked counsel several questions which were prompted by the court's reading of the pleadings. At that time, plaintiff's counsel admitted the land involved in this case is the same land which was the subject of the prior action. Transcript, p. 1.[5]
Several other key points were established during that colloquy.
 THE COURT: * * * Are the same interests being claimed by Mr. Zisk in this case the same interests in the same land that he made in his counterclaim in the partition action?
 MR. SNOW:[6] I would say it would be the same, Your Honor.
 THE COURT: All right. And the plaintiff in this action, William J. Zisk, is the same person who was the CT Page 6677 defendant and counterclaimant in the partition action?
MR. SNOW: Same person, Your Honor.
 THE COURT: And the defendant here, Walkley Heights, was the direct grantee of the defendant — — excuse me, the plaintiff in the partition action and the counterclaim defendant in the partition action?
MR. SNOW: Yeah. Same.
Transcript, p. 2.
The plaintiff here, William J. Zisk, was the defendant and the counterclaimant in the prior action. The same land is the subject of both actions. The interests plaintiff claims in this action are the same interests he had claimed in his counterclaim in the prior action. The defendant here, Walkley Heights Associates, is the immediate grantee of High Street Associates, the plaintiff and counterclaim defendant in the prior action. Transcript, p. 2.
Oral concessions made by a party's attorney during a colloquy with the court constitute judicial admissions. Kopacz v. Day Kimball Hospital ofWindham County, 64 Conn. App. 263 (2001).
 "Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings. . . . A judicial admission is, in truth, a substitute for evidence, in that it does away with the need for evidence." (Citation omitted; internal quotation marks omitted.) State v. Nguyen, 52 Conn. App. 85, 89-90, 726 A.2d 119 (1999), aff'd, 253 Conn. 639, 756 A.2d 833
(2000). "A party is bound by a judicial admission unless the court, in the exercise of its discretion, permits the admission to be withdrawn, explained or modified." (Internal quotation marks omitted.) Days Inn of America, Inc. v. 161 Hotel Group, Inc., 55 Conn. App. 118, 127, 739 A.2d 280 (1999)." Kopacz v. Day Kimball Hospital of Windham Cty., 64 Conn. App. 263, 272-3 (2001).
These concessions by plaintiff lead to the conclusion that the judgment in High Street Associates v. William J. Zisk is res judicata to this action provided High Street Associates and Walkley Heights Associates are CT Page 6678 in privity. That privity question aside, the requisites for res judicata are present: William J. Zisk was a party to both actions; the same land is involved in both actions; and the same claims are being made in this action by William J. Zisk as he made in High Street Associates v. WilliamJ. Zisk.
The sole defendant in this case is Walkley Heights Associates. It is the direct grantee of High Street Associates. The preclusion doctrines, res judicata and collateral estoppel, have the same effect on those in privity with the parties to the prior action.
There can be no real dispute that Walkley Heights is in privity with High Street Associates. For claim preclusion purposes, a grantee is in privity with its grantor.
 "A judgment in an action that determines interests in real or personal property:
"(1) With respect to the property involved in the action:
* * *
 "(b) Has preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself." Restatement, Second, Judgments, § 43.
In FGB Realty Adv. Southridge Condo A., the court noted:
 [2] See Fleming Jones, Jr., Civil Procedure, Section 11.30, "Nonparty Successors in Interest", where it is noted: "When judgment has been rendered for or against a claimant to property (whether real or personal, tangible or intangible) then any subsequent transferee of that property from that claimant is bound by that judgment under the rules of res judicata." A footnote to this statement states: "This is probably the least challenged and best accepted extension of res judicata beyond the immediate parties." Developments in the Law-Res Judicata, 65 Harv. L. Rev. 818, 860 (1952); 3 CT Page 5736 Freeman Judgments Section 478 (5th ed. 1925)." FGB Realty Adv. v. Southridge Condo. Assoc., Superior Court, Judicial District of Hartford-New Britain at New Britain, No. CV 95 0705776-S (May 1, 1997, Lavine, J.)
CT Page 6679 The court holds that Walkley Heights Associates, grantee, is in privity with its grantor, High Street Associates.
The court holds the judgment in High Street Associates v. William J.Zisk is res judicata to the claims made by William J. Zisk in this action, and the prior action has preclusive effect in this action. This conclusion regarding the res judicata effect of High Street Associatesv. William J. Zisk should end the matter. Judgment should enter for the defendant Walkley Heights Associates on res judicata grounds.
The court has taken judicial notice of the pleadings, briefs, and the like, in this court's extensive file in High Street Associates v. WilliamJ. Ziski.[7] This court can take judicial notice of the files of other cases in this court. Drabik v. East Lyme, 234 Conn. 390, 397-8 (1995). Defendant had requested the court to take judicial notice of that file; the court indicated it would. Plaintiff did not object. Transcript, p. 15.
The prior action, High Street Associates v. William J. Zisk, began as a partition action. High Street Associates claimed it and William J. Zisk were co-owners of the property. It claimed it owned an undivided 5/6 interest in the property; the defendant William J. Zisk owned the other undivided 1/6 interest. Complaint, June 4, 1991, ¶¶ 2-3. Plaintiff therein, High Street Associates, sought a partition and particularly a partition by sale. Complaint, June 4, 1991, p. 2.
In a special defense, defendant Zisk alleged specifically that the real property which was the subject of the complaint is "real property held by the defendant [William J. Zisk] in fee simple absolute free and clear of all legal and equitable claims of Plaintiff [High Street Associates]. . . ." High Street Associates, Answer and Special Defenses, September 21, 1991, Fifth Special Defense, p. 4. ((104))
Later in the prior action, Defendant Zisk filed a counterclaim against High Street Associates. Counterclaim, November 23, 1991. ((112.50)) Still later, Defendant Zisk filed an amended counterclaim against High Street Associates. Amended Counterclaim, February 11, 1993. ((118)) In it, the first count was an action to quiet title. Id.
In the prior action, the court stated and held:
 "The property subject to this partition action, was originally acquired by the parents of the defendant. They each held an undivided one half interest as tenants in common. CT Page 6680
 The defendant claims that as a wedding gift in 1952, his parents orally gave to him a four acre parcel contained within the property subject to this action. He also claims that his mother by will acknowledged this gift in writing.
 The plaintiff acquired their interest in the property by virtue of certain quit claim and warranty deeds recorded on June 3, 1991.
The court makes the following express finding of facts.
 The plaintiff are owners as tenants in common of a 5/6 interest in the subject premises.
 The plaintiff acquired title through deeds duly executed and duly recorded on the land records of the town of Haddam.
 The defendant is the owner as tenant in common of a 1/6 interest in the subject property. He acquired his interest by virtue of a certificate of devise from his father's intestate estate of 1/12 interest, and, a purchase from his sister of a 1/12 interest that she acquired from her father's estate.
 The defendant's parents never executed or delivered a deed to the defendant conveying his claimed four acres.
 The defendant's parents never executed or acknowledged in writing a conveyance of the four acres pursuant to the requirements and mandates of Gen. Stat. Sec. 47-5.
 The defendant's parents, even if they orally made a gift of the real estate to the defendant, never completed the gift by delivering a conveyance to him.
 Gen. Stat. Sec. 47-5 mandates that all conveyance of land be in writing, subscribed by the grantor, acknowledged and witnessed by two persons. No such conveyance is in this case. The defendant's claim of oral transfer is violative of this statute of fraud.
 The defendant's claim of gift also fails because in order to effectuate a gift there must be a delivery. There is no evidence in this case that any writing, CT Page 6681 deed or declaration of trust was ever delivered to the defendant. The burden is on the defendant to prove both the donors intent to make a gift and a delivery. Long v. Schull, 184 Conn. 252, 255 (1981). To constitute a valid gift, there must be a valid delivery accompanied by the intent of the donor that title shall pass immediately and irrevocably. Bergen v. Bergen, 177 Conn. 53, 56-57 (1979).
 Assuming that the defendant's parents fully intended to make a gift to the defendant, such intent was never carried out because there was in fact no delivery. Before any delivery was made, the defendant's father died intestate and his interest in the land passed to his wife and children. When the defendant's mother declared in her will that she and her now deceased husband intended to give the four acres to the defendant, she was no longer the owner of the land as cotenant with her husband. Her husband's interest had passed by the laws of intestacy, 1/3 to her and 2/3 to the children. The land was not hers to give. In any event such will was subsequently revoked.
 The court finds the issues on the plaintiff's complaint for the plaintiff and a judgment of partition should enter.
 The court finds that the defendant has failed to prove the allegations in his counterclaim and finds the issues on all four counts of same for the plaintiff. Judgment should enter for the plaintiffs on all counts of the defendant's counterclaim." High Street Associates v. William J. Zisk, Memorandum of Decision, May 5, 1993, pp. 2-5. ((130))
The court compares this action with the prior action, High StreetAssociates v. William J. Zisk. The same land is the subject of both actions. Transcript, p. 1. William J. Zisk is a party to both actions. In this case, William J. Zisk makes the same claims regarding his interest in the land that he made in the prior action. Transcript, p. 2.
It is clear that if High Street Associates were the defendant in this case, rather than Walkley Heights Associates, the judgment in High StreetAssociates v. William J. Zisk, the prior case, would have preclusive effect; it would be res judicata to this case. Walkley Heights Associates, as grantee, and High Street Associates, as grantor, are in CT Page 6682 privity. High Street Associates v. William J. Zisk has res judicata effect here.
There are further grounds for a judgment for Walkley Heights Associates. The court focuses on the plaintiff's allegations which relate to the establishment of his title or interest in the property. Complaint, June 9, 1988, ¶¶ 2-5; Amendment To The Complaint, July 17, 1988, ¶ 4 and ¶¶ 6-9.
The plaintiff did acquire an interest in the property by virtue of his being an heir of William Zisk. Plaintiff's father and mother owned the property as tenants in common. Complaint, June 9, 1988, ¶ 2. Plaintiff'S father, William Zisk, died intestate owning an undivided ½ interest. Plaintiff acquired a 1/12 interest by intestate succession. Certificate of Distribution, Estate of William Zisk, March 11, 1971. Exhibit 2.[8]
Although not alleged by plaintiff in his Complaint or his Amendment To The Complaint, plaintiff did acquire another 1/12 interest form his sister, Marian A. Krivanec. Quit Claim Deed, Marian A. Krivanec to William J. Zisk, March 23, 1991. Exhibit 8; Transcript 44. Thus, at some time in the past, plaintiff had a 1/6 interest in the property.
In the prior action the court made a like finding.
 "The defendant is the owner as tenant in common of a 1/6 interest in the property. He acquired his interest by virtue of a certificate of devise from his father's intestate estate of a 1/12 interest, and, a purchase of from his sister of a 1/12 interest that she acquired from her father's estate." High Street Associates v. William J. Zisk, Memorandum of Decision, May 5, 1993, p. 3. ((130))
In the prior action, a partition action, the court ordered a partition by sale. At the sale, High Street Associates was the successful bidder. High Street Associates became the sole owner. William J. Zisk no longer owned the 1/6 interest he had owned.
Plaintiff alleges his "interest . . . comes about by being an heir of William and Mary Zisk. . . ." Complaint, June 9, 1998, ¶ 2.
A shown above, such interest as plaintiff had by virtue of his being an heir of William Zisk, his father, was the subject of the prior action. As a result of the prior action, plaintiff no longer owned what he inherited from his father. CT Page 6683
Plaintiff's allegation that he acquired some interest "by being an heir of . . . Mary Zisk" presents different factual questions. Plaintiff has also alleged "[n]o executor has been appointed for her estate." Complaint, June 9, 1998, ¶ 4. Plaintiff amended this allegation by adding a copy of a Probate Order dated December 6, 1994 as an exhibit to the complaint. Amendment To The Complaint, July 17, 1998. [101][9] The alleged December 6, 1994 Probate Order is not in evidence.
There is no evidence plaintiff acquired any interest in the property by reason of his being an heir of his mother, Mary Zisk, as he alleges.[10]
Complaint, June 9, 1988, ¶ 2. There is no evidence that "[no executor has been appointed for her estate" as plaintiff alleges." Complaint, June 9, 1998, ¶ 4.
The record is clear. Mary A. Zisk's will dated August 3, 1989 was admitted to probate on February 7, 1995. Exhibit H contains the following entry:
THE COURT FINDS
 2. a. All notices required by law were given. William J. Zisk and Marion A. Krivanec were personally present.
b. Decedent died on (date): 9/8/94
 (1) [X] a resident of the California county named above
 (2) a nonresident of the California and left an estate in county named above
c. Decedent died
(1) intestate
 (2) [X] testate and decedent's will dated: 8/3/89, as set forth in Attachment "1" and each codicil dated: was admitted to probate by Minute Order on (date): 2/7/95
Exhibit H.
Contrary to plaintiff's allegation, Mary A. Zisk died testate. Her will CT Page 6684 was admitted to probate. Order For Probate, Superior Court of California, County of Placer, April 5, 1995. Exhibit A. In that will, plaintiff was expressly disinherited. Last Will and Testament of Mary A. Zisk, August 3, 1989, Article Second. Exhibit A. Also Exhibit G.
Plaintiff admitted he had not filed a timely challenge to the April 5, 1995 order of the Placer County, California court admitting his mother's, Mary A. Zisk's, will dated August 3, 1989. Transcript, 58-59, 61-62.
Three California statutes are germane here.
 § 8226. Conclusiveness of admission of will to probate; contest or petition for revocation; admission of subsequent will; prior distributions; petition for probate; time limits.
 (a) If no person contests the validity of a will or petitions for revocation of probate of the will within the time provided in this chapter, admission of the will to probate is conclusive, subject to Section 8007.
 (b) Subject to subdivision (c), a will may be admitted to probate notwithstanding prior admission to probate of another will or prior distribution of property in the proceeding. The will may not affect property previously distributed, but the court may determine how any provision of the will affects property not yet distributed and how any provision of the will affects provisions of another will.
 (c) If the proponent of a will has received notice of a petition for probate or a petition for letters of administration for a general personal representative, the proponent of the will may petition for probate of the will only within the later of either of the following time periods:
 (1) One hundred twenty days after issuance of the order admitting the first will to probate or determining the decedent to be intestate.
 (2) Sixty days after the proponent of the will first obtains knowledge of the will.
 § 8270. Time to petition for revocation; eligibleCT Page 6685 Persons; contents of petition; minors or incompetent persons.
 (a) Within 120 days after a will is admitted to probate, any interested person, other than a party to a will contest and other than a person who had actual notice of a will contest in time to have joined in the contest, may petition the court to revoke the probate of the will. The petition shall include objections setting forth written grounds of opposition.
 (b) Notwithstanding subdivision (a), a person who was a minor or who was incompetent and had no guardian or conservator at the time a will was admitted to probate may petition the court to revoke the probate of the will at any time before entry of an order for final distribution.
 § 8007. Collateral attack on order admitting will to probate or appointing personal representative; fraud in procurement of order; erroneous determination of death.
 (a) Except as provided in subdivision (b), an order admitting a will to probate or appointing a personal representative, when it becomes final, is a conclusive determination of the jurisdiction of the court and cannot be collaterally attacked.
 (b) Subdivision (a) does not apply in either of the following cases:
 (1) The presence of extrinsic fraud in the procurement of the court order.
 (2) The court order is based on the erroneous determination of the decedent's death.
California Probate Code, §§ 8007, 8226, and 8270.
By his own admission, plaintiff did not take any action to challenge the admission of the will. By statute, the February 7, 1995 order admitting the will to probate is conclusive.
Plaintiff makes some claim that the February 7, 1995 order admitting the will to probate is being challenged on appeal. CT Page 6686
Plaintiff has knowledge of and access to the California court records which could corroborate his testimony that his appeal on the admission is pending in California. He did not introduce a copy or copies of any California court record (s) even tending to show such an appeal had been taken or was pending.
During the trial of this case, this colloquy occurred:
 THE COURT: Hold a minute. Is it your claim and testimony, Mr. Zisk, that in California, you have appealed the probate of a will which the initial trial level court probated as the last will and testament of your mother?"
 THE WITNESS: That is not the — — the way you've asked the question, Your Honor, that's not the case.
Transcript, p. 21.
The evidence contains a brief plaintiff filed in a California appellate court. William J. Zisk and John W. Zisk, Objectors/Appellants v. Donald R. Zisk, Personal Representative/Respondent, Appellants' Opening Brief, In the Court of Appeals of the State of California in and for the Third Appellate District. Exhibit H.
In that appellate brief, plaintiff sets forth the issues raised on appeal in the section of the brief designated "Summary Of The Argument." It is quoted in full:
Summary of The Argument. . . . . . . . . . . . . . . . . . . 30
 A. THE PERSONAL REPRESENTATIVE, ACTING. . . . . . . . . . . .30 UNDER LIMITED AUTHORITY WHICH PRECLUDES DEALING IN REAL PROPERTY INTERESTS WITHOUT FIRST OBTAINING COURT APPROVAL, CONSENTED TO THE SUBORDINATION OF A FIRST TRUST DEED TO A CONSTRUCTION LOAN OF APPROXIMATELY $1,025,000.00 AND A $355,000.00 COMMERCIAL OPEN END MORTGAGE DEED NOTE.
 B. RESPONDENT BREACHED HIS FIDUCIARY . . . . . . . . . . . . 31 DUTY BY WRONGFULLY TAKING, CONCEALING AND MISREPRESENTING THE FACTS IN DISPOSITION OF ESTATE PROPERTY CONSTITUTING EXTRINSIC FRAUD CT Page 6687
 C. FAILURE OF RESPONDENT TO TIMELY FILE . . . . . . . . . . 32 THE INVENTORY AND APPRAISAL OF THE ESTATE IS UNCONTROVERTED AND A MATTER OF CONTEMPT
 D. THE RECORD AMPLY SUPPORTS GROUNDS . . . . . . . . . . . . 33 FOR REMOVAL OF THE PERSONAL REPRESENTATIVE AND REVOCATION OF LETTERS
 William J. Zisk and John W. Zisk, Objectors/Appellants v. Donald R. Zisk, Personal Representative/Respondent, Appellants' Opening Brief, In the Court of Appeals of the State of California in and for the Third Appellate District, p. i. Exhibit H.
A reading of plaintiff's "Summary of the Argument" belies his claim that the probate of the will is on appeal.[11]
Furthermore, in the STATEMENT OF APPEALABILITY (Cal Rules of Court, Rule 13), plaintiff describes the appeal as follows:
 "This is a joint appeal of William J. Zisk and John W. Zisk from an order of the Superior Court of Placer County in settling the account and discharging the personal representative in the probate of the Estate of Mary W. Zisk, entered on August 3, 2001 (CT 183). . . ." Exhibit H., p. 1.
There can be no doubt that Mary A. Zisk's will was admitted to probate by virtue of an order entered on February 7, 1995. Exhibit H.
In plaintiff's appellate brief's section entitled "FACTUAL SUMMARY," there is no mention of the February 7, 1995 Order for Probate which admitted Mary A. Zisk's August 3, 1989 will to probate. Exhibit H, pp. 1-4. Surely, if the February 7, 1995 Order for Probate which admitted Mary A. Zisk's August 3, 1989 will to probate was a subject of plaintiff's appeal, it would have been mentioned in his appellate brief's "FACTUAL SUMMARY."[12]
Plaintiff's appellate brief quotes extensively from the transcript of the February 7, 1995 court proceedings. Exhibit H, pp. 18-20. There is no indication that it is a complete transcript. Plaintiff claims in the brief that there was no mention of the probate or admission of the will during the February 7, 1995 proceedings. That is plain nonsense. The very first lines of the transcript as quoted by plaintiff in his appellate brief show plaintiff is untruthful. CT Page 6688
 THE COURT: The matter of Mary Zisk. This is a petition of probate of Will and Issuance of Letters?
MR. YAMAMOTO: Yes your honor.
Exhibit H., p. 18.
It does appear that the in-court discussion focused on the extent of the authority of the fiduciary. Apparently, the plaintiff and his sister, Mary A. Krivanec, had filed objections to Donald R. Zisk's (plaintiff's brother) serving as fiduciary of the estate "with full authority under the Independent Estate Act." P. 18. The attorney for the estate described William J. Zisk's objection: "In their Prayer they [Donald R. Zisk and his sister Marion A. Krivanec] had objected to my client serving them with full authority under the Independent Estate Act." Exhibit H, p. 18. Donald R. Zisk, through his attorney, agreed to serve with "limited authority." Plaintiff was present and his expressed concern was that the property which is the subject of this suit be included in the inventory of the Mary A. Zisk's estate. There is nothing in the February 7, 1995 transcript as quoted by plaintiff in his appellate brief indicating plaintiff made any objection, either by previously filed objection or at the hearing, to the admission of the will, the stated purpose of the hearing.
The court rejects plaintiff's claim made in his testimony that the probate of the will is subject to a pending appeal in a California court. His testimony is not credible. The court concludes that plaintiff's probate appeal relates to the fiduciary's final account and his handling of the estate; the appeal does not involve the admission of the will. There is nothing in the brief that indicates plaintiff appealed the probate of the will. Exhibit H, p. 22. The court holds that the admission of Mary A. Zisk's will dated August 3, 1989 is not the subject of the appeal plaintiff has pending in the California appellate court.
It follows, and the court so finds, that an executor was appointed for the estate of Mary A. Zisk. Exhibit A. The court holds that plaintiff has not proved his allegation that "[no executor has been appointed for her (Mary A. Zisk's) estate. Complaint, June 9, 1998, ¶ 4.
Mary A. Zisk had acquired a mortgagee interest in the property as alleged in ¶ 3 of his complaint. Defendant admitted same. Answer and Special Defense, November 4, 1998, ¶ 2. [107] The mortgage interest is by virtue of a May 23, 1991 mortgage deed from High Street Associates to Mary Zisk, Edward Zisk, and Donald Zisk. Edward and Donald are plaintiff's brothers. Mary Zisk's interest was 1/3. Complaint, June 9, CT Page 6689 1998, ¶ 3. Mortgage Deed, High Street Associates to Mary A. Zisk et. al., May 23, 1991. Exhibit 7.
Plaintiff presented no evidence to establish the allegations of paragraph 5 of his Complaint dated June 9 1998.[13] In that paragraph plaintiff again alleges "no executor has been appointed to [Sic.] her estate." Plaintiff then says Donald Zisk as purported executor executed certain documents, including a mortgage extension agreement, a mortgage subordination agreement, a partial release of mortgage, and, another mortgage subordination agreement. Complaint, June 9, 1998, ¶ 5. These documents apparently relate to the mortgage from High Street Associates to Donald, Mary A., Edward J., and Donald R. Zisk dated may 23, 1991. Exhibit 8. It is entirely unclear how these allegations, even if proved, are relevant to plaintiff's claim (s); they are irrelevant. In any event, relevant or otherwise, the facts alleged in paragraph 5 have not been established.
There is no evidence to establish the facts alleged in paragraphs 6, 7, 8, and 9 of the Amendment To The Complaint, July 17, 1998. [101][14]
These paragraphs allege the facts by or through which plaintiff claims he has an interest in the property. There is no evidence at all to establish these allegations.
There is no evidence plaintiff's parents gave him and his wife a four acre parcel of land as a wedding gift. Amendment To The Complaint, July 17, 1998, ¶ 6. [101] A like claim was expressly rejected in HighStreet Associates v. William J. Zisk. See portion of court's memorandum of decision in that case quoted at pages 14-16, above.
There is no evidence that plaintiff expended any money on the property. There is no evidence he made any improvements to the property. Amendment To The Complaint, July 17, 1998, ¶ 7. [101] There is no evidence plaintiff spent any money on the property or paid the taxes thereon. Amendment To The Complaint, July 17, 1998, ¶ 9. [101]
There is no evidence that plaintiff's mother, Mary A. Zisk, executed a will on June 24, 1974, or that by such a will property was bequeathed to plaintiff. Amendment To The Complaint, July 17, 1998, ¶ 8. [101] Plaintiff admitted that purported will was never found or admitted to probate. Transcript, p. 17, 19. The record shows, and the court has found, that a later will of Mary A. Zisk was admitted to probate.
The first nine paragraphs of the Complaint and the Amendment To The Complaint contain plaintiff's allegations of how he acquired an interest or interests in the property. He has not established the truth of these allegations. There is no evidence plaintiff has any interest in the CT Page 6690 property. Based on the evidence, plaintiff has no cognizable interest in the property. The plaintiff cannot prevail based on the strength of his title. Judgment should enter for the plaintiff, Walkley Heights Associates.
The court addresses plaintiff's allegations about the defendant' s interest.
Plaintiff first alleges defendant Steven Rocco "purports to have an interest as a result of a Warrantee Deed from Mary A. Zisk, Donald R. Zisk and Edward J. Zisk, over to High Street Associates, a 10/12 interest dated May 8, 1994. . . ." Id., ¶ 10.
There is no evidence in the record to establish this allegation.
Steven A. Rocco is not a defendant in this action. The credible evidence shows that the individual, Steven A. Rocco, does not claim any interest in the property and does not have any interest in the property.[15] The court finds that Steven A. Rocco, as an individual, does not have any legally cognizable interest in the property.
Plaintiff also alleges "[t]he Defendant, High Street Associates also purports to have a further added interest in said premises as a result of Committee Deed, dated September 20, 1994." Amendment To The Complaint, July 17, 1998, ¶ 11. [101] High Street Associates is not a defendant. There is no evidence, much less, credible evidence, in the record which would establish that High Street-Associates now even purports to have any present interest in the property.[16] The allegations of ¶ 11 have not been proven. High Street Associates had been the sole owner of the property but conveyed it to Walkley Heights Associates in October 1996. The court finds High Street Associates neither claims to have nor has any interest in the property.
There is only one defendant in this action, i.e., Walkley Hill Associates.
Plaintiff's final allegations are:
 "The entity known as High Street Associates, which purported to have an interest in said property as a result of a Warrantee Deed as referred to above, did not exist at time of said transfer, dated May 8th, 1991 and therefore all subsequent transfers from the alleged High Street Associates are null and void." Amendment To The Complaint, July 17, 1998, ¶ 12. CT Page 6691
Plaintiff says this is the allegation he relies upon most. Transcript, p. 3. In this, plaintiff relies on CGS § 35-1.
Some background is necessary.
Plaintiff argues that High Street Associates did not exist when the property was conveyed to it by deed dated May 8, 1991. Warrantee Deed, Mary A. Zisk, Donald R. Zisk, and Edward J. Zisk to High St. Associates, May 8, 1991. Exhibit 3. On July 18, 1991, High Street Associates filed a Certificate of Adoption of Trade Name with the Haddam Town Clerk. Certificate of Adoption of Trade Name, High Street Associates, July 18, 1991. Exhibit 6. According to plaintiff, High Street Associates did not exist prior to July 18, 1991, the date on which it filed the Certificate of Addoption of Trade Name. Again, according to plaintiff, the May 8, 1991 conveyance to High Street Associates was at a time before July 18, 1991, when High Street Associates did not exist. Again, according to plaintiff, all transfers of the property are null and void. This would include High Street Associates' conveyance of the property to Walkley Hill Associates.
Section 35-1 of the General Statutes provides, in short,[17] that no person shall conduct business under an assumed name unless the person files a certificate of adoption of trade name with the town clerk of the town in which the business is conducted. Nothing in the statute states or even hints that a general partnership such as High Street Associates has no legal existence unless and until a certificate of trade name adoption is filed. Plaintiff has not cited any authority for this novel proposition. Plaintiff's contention on this point has no foundation in the law or common sense.
Under Connecticut law, a partnership may exist if the partners so agree, the agreement may be in writing, oral or implied. C.G.S. §34-301 (6). A partnership may acquire real property by a conveyance to it in the partnership name.[18]
There was credible testimony that High Street Associates was formed in 1989. Transcript, p. 32-33. It first did business when it acquired the property in question here on May 8, 1991. Transcript, p. 34; Exhibit B. That is the date it acquired a 5/6 or 10/12 interest in the property from Mary A. Zisk, Donald R. Zisk, and Edward J. Zisk. Warrantee Deed, Mary A. Zisk, Donald R. Zisk, and Edward J. Zisk to High St. Associates, May 8, 1991. Exhibit 3. The deed by which High Street Associates acquired the property named "High Street Associates" as grantee. Id.
The court rejects plaintiff's contention that the partnership had no CT Page 6692 legal existence before the filing of a certificate of adoption of trade name. The court finds that High Street Associates existed on May 8, 1991, the date it acquired a 5/6 interest in the property.
Claim preclusion is also applicable here. In High Street Associates v.Zisk, in a special defense, William J. Zisk (defendant in that action) alleged: "Plaintiff [High Street Associates] lacks the legal capacity and standing to assert the matters alleged in the Complaint." High StreetAssociates v. Zisk, Answer and Special Defense, September 27, 1991, Seventh Special Defense, p. 4. ((104)) It is not clear to this court, from a reading of the allegation alone, if that allegation embraces the same claim made in ¶ 12 of the Amendment To The Complaint in this action. However, in a brief in the prior action, William J. Zisk described his position:
 "The defendant claims that the plaintiff does not have standing, not being an owner, to bring this action." High Street Associates v. Zisk, Post Trial Brief, April 12, 1993, p. 1. ((129))
Defendant elaborated:
 "It is appropriate for a defendant in a partition action to raise by special defense the alleged invalidity of the deed through which the plaintiff claims ownership. Narowski v. Kichar, supra.
 "A `partnership' exists when between two or more persons there is a relationship that each is, as to all the others in respect to the same business, both principal and agent. Samstag and Hildar Brothers v. Ottenheimer and Weil, 90 Conn. 475, 97 A. A65 (1916).
 "`A deed or other conveyance to a grantee not in existence at the time of the conveyance . . . does not convey legal title to the land or estate describe in the conveyance.' Connecticut Standards of Title, Standard 7.1, Comment 1. `If a deed does not transfer legal title to a purported grantee because such grantee is not in existence at the time of the conveyance . . . the legal title to the land . . . remains in the grantor.' Connecticut Standards of Title, Standard 7.1, Comment 2." High Street Associates v. Zisk, Post Trial Brief, April 12, 1993, pp. 3-4. ((129))
CT Page 6693 Thus, with the enlightenment afforded by the Post Trial Brief, it appears the claim made in ¶ 12 of the Amendment To The Complaint, July 17, 1998 [101] was made and decided against William J. Zisk in HighStreet Associates v. William J. Zisk. In its memorandum of decision, the trial court "[found] the issues on the plaintiff's complaint for the plaintiff" implicitly finding against the defendant on his special defenses. High Street Associates v. Zisk, Memorandum of Decision, May 5, 1993, p. 4. ((130))
Plaintiff appealed the trial court's decision and judgment in HighStreet Associates v. William J. Zisk. The trial court judgment was affirmed. High Street Associates v. William J. Zisk, 34 Conn. App. 922
(1994).
Plaintiff William J. Zisk thereafter petitioned our supreme court for certification. In his petition, he set forth the questions he wanted reviewed by the Supreme Court.
I. QUESTIONS PRESENTED FOR REVIEW
 a. Did the Appellate Court err in holding that real property may be conveyed to a non-existant (sic) fictitous (sic) purported partnership for the sole purpose of obtaining a court ordered forced sale of the entire subject property via a Partition/Sale Complaint.
b. * * *
 c. Did the Appellate Court err in holding that the Plaintiff was a general partnership, organized and existing pursuant to the laws of the State of Connecticut, at the time of purported conveyance of title.
 d. Did the Appellate Court err in holding that the Plaintiff acquired title through deeds duly executed and duly recorded on the land records of the Town of Haddad.
 e. No person shall conduct or transact business in this state, under any assumed name, other than the real name or names of the person or persons conducting or transacting such business, unless a certificate has been filed with the Town Clerk stating the full name and post-office address of each person conducting or CT Page 6694 transacting such business.
f. * * *
g. * * *
 h. Did the Appellate Court err in finding for the Plaintiff on the Defendants' Counterclaim.
 i. A deed or other conveyance to a grantee not in existence (sic) at the time of the conveyance — — does not convey legal title to the land or estate described in the conveyance.
 j. If a deed does not transfer legal title to a purported grantee because such grantee is not in existence (sic) at the time of the conveyance — — the legal title to the land — — — remains in the grantor.
 k. Only the owner of real or personal property may proceed to have that property partitioned or sold.
l. * * *
 Petition For Certification By The Supreme Court, July 28, 1994, pp. 1-3. ((141))
The petition for certification was denied. High Street Associates v.William J. Zisk, 231 Conn. 910 (1994).
Plaintiff was not through. He filed a petition for certiorari with the United States Supreme Court. In that petition, plaintiff maintained:
 INTRODUCTION This petition is submitted for review of several aspects of a complaint for partition of real property, and, the judicial process involved with the seizure and court ordered `forced sale' of petitioners real property, solely for the benefit of a non-owner: versus allowing the court to determine the proportionate title ownership shares of the subject real property, and proceed to partition [in kind] among the "legal owners".
 QUESTIONS PRESENTED
CT Page 6695 1. May a disputed legal title to real estate be settled in a partition action?
 2. Does a deed or other conveyance to a grantee, not in existence at the time of conveyance, grant [legal title] to the land or estate described in the conveyance?
 3. May a mortgagee, mortgage non-owned real property, prior to obtaining legal title ownership?
 4. Under the principals of res judicata and collateral estoppel, does a summary judgment rendered against an individual plaintiff, in a prior partition suit, which was not appealed, bar the second filing of an identical partition suit, concealed by using the name of an alleged
"fictitious" partnership as a plaintiff?
 5. Does a combination of two alleged corporations, without naming individual persons, constitute a legal `true partnership'?
6. Does a nonexistent plaintiff have standing to file suit?
 7. May a fictitious partnership be established for the sole purpose of investing in a single parcel of real estate, to create an agency relationship, with no intention to carry on a trade, occupation, or business, and the only indicium of the alleged partnership was to share in profits.
 8. May a court deny the statutory requirement, that all "real persons" alleged to be indispensable necessary parties, be joined in suit and counter suit, in order to insure a complete due process determination of all matters, including allegations of bad faith, fraud, misrepresentation, concealment, coercion, duress, and undue influence in the controversy?
9. * * *
 10. May an entire parcel of real property be mortgaged by a "non-legal owner"?
11. Does a "non owner" of real property have standing to partition?
12. May a mortgagee, mortgage property he does not own?
13. * * *
Petition For Writ of Certiorari, William J. Zisk Petitioner v. HighCT Page 6696 Street Associates, December 10, 1994. ((156))
Plaintiff's petition for certiorari was denied. Zisk v. High StreetAssociates, 513 U.S. 1192 (1995); rehearing denied, 514 U.S. 1078
(1995).
Plaintiff's statements of the issues for which he sought review by certification and/or writ of certiorari make it clear plaintiff believed the issues of High Street Associates' existence or nonexistence on May 8, 1991 and its ability or inability to acquire property on that date were resolved in High Street Associates v. William J. Zisk. It was not entirely clear to the court from its reading of the pleadings alone that these issues were present and resolved in that case. Whether they were or were not is not important. Plaintiff believed these questions were resolved in that case. That shows conclusively that those questions could have been raised in High Street Associates v. William J. Zisk.
The law is clear.
 "A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." [Italics in original.] Fink v. Golenbock, 238 Conn. 183, 191
(1996).
The plaintiff's claim made in paragraph 12 of his complaint could have been made in the prior action. Those claims are barred by the doctrine of res judicata.
Plaintiff perhaps claims that Walkley Hill Associates did not exist when High Street Associates conveyed the property to it on October 30, 1996. Quit Claim deed, October 30, 1996, High Street Associates to Walkley Hill Associates. Exhibit 9. plaintiffs Brief, April 16, 2002, p. 2, ¶ 8. The claimed nonexistence of Walkley Hill Associates is again premised on the fact that a certificate of adoption of trade name was not filed until February 8, 1998. Certificate of Adoption of Trade Name, February 8, 1998. Exhibit 10. Such claim is not plead. However, what the court held and stated regarding the similar as to High Street Associates is equally applicable to Walkley Hill Associates. Further, there was credible testimony, which the court accepts as true, Walkley Hill Associates was formed in 1987. Transcript, p. 38-40. Exhibit evidence corroborates its existence since 1987. Exhibits E and F. The court finds CT Page 6697 Walkley Hill Associates has been in existence since 1987. It was in existence on October 30, 1998, the date the property was conveyed to it.
 Summary
The issues are resolved in favor of the defendant for several reasons. First, the judgment in High Street Associates v. William J. Zisk is res judicata to the claims in this action. Second, plaintiff has failed to prove he has any legally cognizable interest in the property. Third, plaintiff has not proved any deficiency in the defendant Walkley Hill Associates' title.
Based on the foregoing, the court finds the issues for the defendant and against the plaintiff.
Since the issues have been found for the defendant, the notice of lis pendens filed by the plaintiff should be discharged. Plaintiff conceded so at trial. Transcript, p. 72.
Judgment shall enter quieting and settling title to the subject property in the defendant, Walkley Hill Associates; it is further adjudged that the plaintiff, William J. Zisk, does not have any estate, interest in or encumbrance on the property or any part thereof. The notice of lis pendens file by the plaintiff is discharged.
Parker, J.